Judge Hellerstein

07 CV 10531

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

NOV 21 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARLOS MUNOZ, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

               Plaintiff,

           vs.

CHINA EXPERT TECHNOLOGY, INC.; ZHU
XIAOXIN, HUANG TAO; FU WAN CHUNG, a/k/a
SIMON FU,

               Defendants.

------------------------------------------------------------X

CASE No.:

CLASS ACTION COMPLAINT

**JURY TRIAL DEMANDED**

       Plaintiff, Carlos Munoz individually and on behalf of all other persons similarly situated, by

his undersigned attorneys, for his complaint against defendants, alleges the following based upon

personal knowledge as to himself and his own acts, and information and belief as to all other matters,

based upon, *inter alia*, the investigation conducted by and through his attorneys, which included,

among other things, a review of the defendants' public documents, conference calls and

announcements made by defendants, United States Securities and Exchange Commission ("SEC")

filings, wire and press releases published by and regarding China Expert Technology, Inc. ("CXTI",

or the "Company"), securities analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.     This is a federal securities class action on behalf of a class consisting of all persons other than defendants who purchased the common stock of CXTI between November 14, 2006, and October 1, 2007, inclusive, seeking to recover damages caused by Defendants' violations of federal securities laws and pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

2.     The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act, (15 U.S.C. §78j(b) and 78t(a)), and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

3.     This Court has jurisdiction over the subject matter of this action pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. § 1331.

4.     Venue is proper in this Judicial District pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b). Moreover, during the class period CXTI common stock was traded on the NASDAQ OTC Bulletin Board, which is located in the Southern District of New York.

5.     In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce,

2

including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## **PARTIES**

6.  Plaintiff Carlos Munoz, as set forth in the attached certification, which is incorporated by reference herein, purchased CXTI securities at artificially inflated prices during the Class Period and has been damaged thereby.

7.  Defendant CXTI is a Nevada Corporation headquartered in the Peoples Republic of China. According to its most recent quarterly report filed on Form 10-Q with the SEC on May 14, 2007, is engaged in the provision of system integration services, consultancy and agency services in the People's Republic of China. At all relevant times herein, the Company's common stock was actively traded on the NASDAQ OTC Bulletin Board under ticker "CXTI".

8.  Defendant Zhu Xiaoxin ("Zhu"), at all relevant times herein, was the Company's CEO, President and Director.

9.  Defendant Huang Tao ("Huang"), as all relevant times herein, was the Company's Chairman and Director.

10.  Defendant Fu Wan Chung, a/k/a Simon Fu ("Fu") at all relevant times herein, was the Company's CFO and Director until his resignation on or about July 19, 2007.

11.  Zhu, Huang, and Fu are collectively referred to hereinafter as the "Individual Defendants."

12.  During the Class Period, each of the Individual Defendants, as senior executive officers, agents, and/or directors of CXTI and its subsidiaries and affiliates, of the Company, were privy to non-public information concerning its business, finances, products, markets, and present and

3

future business prospects, via access to internal corporate documents, conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith. Because of their possession of such information, the Individual Defendants knew or recklessly disregarded the fact that adverse facts specified herein had not been disclosed to, and were being concealed from, the investing public.

13.    Because of the Individual Defendants' positions with the Company, they had access to the adverse undisclosed information about the Company's business, operations, operational trends, financial statements, markets and present and future business prospects via access to internal corporate documents (including the Company's operating plans, budgets and forecasts and reports of actual operations compared thereto), conversations and connections with other corporate officers and employees, attendance at management and Board of Directors meetings and committees thereof, and via reports and other information provided to them in connection therewith.

14.    It is appropriate to treat the Individual Defendants as a group for pleading purposes and to presume that the false, misleading and incomplete information conveyed in the Company's public filings, press releases and other publications as alleged herein is the result of collective actions of the narrowly defined group of defendants identified above. Each of the above officers and directors of CXTI and its subsidiaries and affiliates, by virtue of his position with the Company, directly participated in the management of the Company, was directly involved in the day-to-day operations of the Company at the highest levels, and was privy to confidential proprietary information concerning the Company and its business, operations, growth, financial statements, and financial condition, as alleged herein. Said defendants were involved in drafting, producing,

4

reviewing and/or disseminating the false and misleading statements and information alleged herein, were aware, or recklessly disregarded, that the false and misleading statements were being issued regarding the Company, and approved or ratified these statements, in violation of the federal securities laws.

15.    As officers, directors and controlling persons of a publicly-held company whose securities were and are registered with the SEC pursuant to the Exchange Act, and that was traded on the NASDAQ Bulletin Board and governed by the provisions of the federal securities laws, the Individual Defendants each had a duty to disseminate accurate and truthful information promptly with respect to the Company's financial condition and performance, growth, operations, financial statements, business, markets, management, earnings and present and future business prospects, and to correct any previously-issued statements that had become materially misleading or untrue, so that the market price of the Company's publicly-traded securities would be based upon truthful and accurate information.  The Individual Defendants' misrepresentations and omissions during the Class Period violated these specific requirements and obligations.

16.    The Individual Defendants participated in the drafting, preparation, and/or approval of the various public, shareholder, and investor reports and other communications complained of herein and were aware of, or recklessly disregarded, the misstatements contained therein and omissions therefrom, and were aware of their materially false and misleading nature.  Because of their Board membership and/or executive and managerial positions with CXTI, each of the Individual Defendants had access to the adverse undisclosed information about CXTI's financial condition and performance as particularized herein and knew (or recklessly disregarded) that these adverse facts

rendered the positive representations made by or about CXTI and its business issued or adopted by the Company materially false and misleading.

17.    The Individual Defendants, because of their positions of control and authority as officers, directors, agents, and/or controlling persons of the Company, were able to and did control the content of the various SEC filings, press releases and other public statements pertaining to the Company during the Class Period.  Each Individual Defendant was provided with copies of the documents alleged herein to be misleading prior to or shortly after their issuance and/or had the ability and/or opportunity to prevent their issuance or to cause them to be corrected.  Accordingly, each of the Individual Defendants is responsible for the accuracy of the public reports and press releases detailed herein and is therefore primarily liable for the representations contained therein.

18.    Each of the defendants is liable as a participant in a fraudulent scheme and course of business that operated as a fraud or deceit on purchasers of CXTI securities by disseminating materially false and misleading statements and/or concealing material adverse facts.  The scheme (i) deceived the investing public regarding CXTI's business, operations, management and the intrinsic value of CXTI's securities; and (ii) caused Plaintiff and other members of the Class to purchase CXTI securities at artificially inflated prices.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

19.    Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all persons who purchased the common stock of CXTI during the Class Period and who were damaged thereby.  Excluded from the Class are defendants, the officers and directors of the Company at all relevant times, members of their

immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

20.    The members of the Class are so numerous that joinder of all members is impracticable.    Throughout the Class Period, CXTI's securities were actively traded on the NASDAQ Bulletin Board.    While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds of members in the proposed Class.    Members of the Class may be identified from records maintained by CXTI or its transfer agent and may be notified of the pendency of this action by mail, using a form of notice customarily used in securities class actions.

21.    Plaintiff's claims are typical of the claims of the members of the Class, as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

22.    Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

23.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.    Among the questions of law and fact common to the Class are:

(a)  whether the federal securities laws were violated by defendants' acts as alleged herein;

(b)  whether statements made by defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of CXTI; and

(c) to what extent the members of the Class have sustained damages and the proper measure of damages.

24.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to redress individually the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

25.    During the Class Period, CXTI issued materially false and misleading statements and omitted to state material facts that rendered their affirmative statements misleading as they related to the Company's financial performance, business prospects, and financial condition. As a result of these materially false and misleading statements, the price of the Company's securities was artificially inflated to a Class Period high of over $8.00 per share. As the truth of the Company's materially false and misleading statements entered the market, the Company's stock plummeted to pennies and was even halted by the SEC.

26.    The Class Period begins on November 14, 2006, when the Company filed its quarterly report for the period ended September 30, 2006 on Form 10-Q with the SEC. The 10-Q was signed by defendants Zhu, Huang, and Fu and, pursuant to Sarbanes-Oxley Act of 2002 ("SOX"), was separately certified by defendants Zhu and Fu.

27.    On April 12, 2007, the Company filed its annual report for fiscal year ended December 31, 2006 on Form 10-K with the SEC. The 10-K was signed by Zhu and Fu and was separately certified by them pursuant to SOX.

28.     On May 14, 2007, the Company issued its quarterly report for the period ended March 31, 2007, on Form 10-Q with the SEC. The 10-Q was signed by defendants Zhu, Huang, and Fu, and separately certified by Zhu and Fu, pursuant to SOX ,

### TRUTH BEGINS TO EMERGE

29.     The relevant truth began to enter the market and/or materialize through partial disclosures. After market close on July 19, 2007, the Company announced that Company CFO defendant Fu had suddenly resigned. This announcement shocked the market and caused the Company's stock to decline from its closing price on July 19, 2007, of $6.45 to a closing price of $4.88 on July 20, 2007—a 24% decline. The Company's stock continued to fall and eventually closed at $3.72 on July 24, 2007.

30.     On August 14, 2007, the Company announced that it had submitted to the SEC an automatic five-day filing extension for its report for the second quarter ended June 30, 2007 . The Company stated the delay was a result of the resignation of Company CFO Fu.

31.     Thereafter articles were published by financial commentators calling into question the Company's financials, business prospects, and credibility, which ultimately caused the Company's stock to trade down further from an August 14, 2007 closing price of $3.46 per share to a closing price of $0.56 per share on September 28, 2007.

32.     On September 27, 2007, the Company announced through a Form 8-K filed with the SEC that on August 17, 2007, it had dismissed its auditor, BDO McCabe Lo Limited Certified Public Accountants.

33.     On October 1, 2007, the SEC issued an order halting trading of the Company's stock from October 1, 2007, through October 12, 2007. The SEC Order stated in relevant part:

It appears to the Securities and Exchange Commission that there is a lack of current and accurate information concerning the securities of China Expert Technology, Inc. ("China Expert") because of questions regarding the adequacy and accuracy of publicly-disseminated information concerning, among other things, China Expert's: (1) financial performance and business prospects and (2) current financial condition. The Commission is of the opinion that the public interest and the protection of investors require a suspension of trading in the securities of the above-listed company.

34.    The Company's stock's last trade prior to the trading halt was at $.58 a share. On the first day of trading after the trading halt was lifted, the Company stock closed at $.19 per share on October 15, 2007.

## Applicability of Presumption of Reliance: ## Fraud-on-the-Market Doctrine

35.    At all relevant times, the market for CXTI's common stock was an efficient market for the following reasons, among others:

(a)    CXTI's stock met the requirements for listing, and was listed and actively traded on the NASDAQ Bulletin Board, a highly efficient and automated market;

(b)    During the class period, on average, over several hundreds of thousands of shares of CXTI stock were traded on a weekly basis, demonstrating a very active and broad market for CXTI stock and permitting a *very strong* presumption of an efficient market;

(c)    As a regulated issuer, CXTI filed periodic public reports with the SEC and was eligible and did file short form registration statements with the SEC on Form S-3 during the Class Period;

(d)    CXTI regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the

10

national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

(e)     CXTI was followed by several securities analysts employed by major brokerage firms who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firms during the Class Period. Each of these reports was publicly available and entered the public marketplace;

(f)     Numerous NASD member firms were active market-makers in CXTI stock at all times during the Class Period;  and

(g)     Unexpected material news about CXTI was rapidly reflected and incorporated into the Company's stock price during the Class Period.

36.     As a result of the foregoing, the market for CXTI's common stock promptly digested current information regarding CXTI from all publicly available sources and reflected such information in CXTI's stock price.  Under these circumstances, all purchasers of CXTI's common stock during the Class Period suffered similar injury through their purchase of CXTI's common stock at artificially inflated prices, and a presumption of reliance applies.

## NO SAFE HARBOR

37.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. Many of the specific statements pleaded herein were not identified as "forward-looking statements" when made.  To the extent there were any forward-looking statements, there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.  Alternatively, to the extent that the

statutory safe harbor does apply to any forward-looking statements pleaded herein, defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the particular speaker knew that the particular forward-looking statement was false, and/or the forward-looking statement was authorized and/or approved by an executive officer of CXTI who knew that those statements were false when made.

### FIRST CLAIM
### Violation of Section 10(b) Of
### The Exchange Act Against and Rule 10b-5
### Promulgated Thereunder Against All Defendants

38.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (1) deceive the investing public, including plaintiff and other Class members, as alleged herein; and (2) cause plaintiff and other members of the Class to purchase CXTI's common stock at artificially inflated prices. In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

40.     Defendants (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading; and (c) engaged in acts, practices, and a course of business that operated as a fraud and deceit upon the purchasers of the Company's common stock in an effort to maintain artificially high market prices for CXTI's common stock in violation of Section 10(b) of the Exchange Act and Rule

10b-5 thereunder. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

41.    Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about the business, operations and future prospects of CXTI as specified herein.

42.    These Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of CXTI's value and performance and continued substantial growth, which included the making of, or participation in the making of, untrue statements of material facts and omitting to state material facts necessary in order to make the statements made about CXTI and its business operations and future prospects in the light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business that operated as a fraud and deceit upon the purchasers of CXTI's common stock during the Class Period.

43.    Each of the Individual Defendants' primary liability, and controlling person liability, arises from the following facts: (1) the Individual Defendants were high-level executives, directors, and/or agents at the Company during the Class Period and members of the Company's management team or had control thereof; (2) each of these defendants, by virtue of his responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's financial condition; (3) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was

advised of and had access to other members of the Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (4) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew or recklessly disregarded was materially false and misleading.

44.    Defendants had actual knowledge of the misrepresentations and omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them.  Such Defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing CXTI's operating condition and future business prospects from the investing public and supporting the artificially inflated price of its common stock.  As demonstrated by Defendants' overstatements and misstatements of the Company's financial condition throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

45.    As a result of the dissemination of the materially false and misleading information and failure to disclose material facts, as set forth above, the market price of CXTI's common stock was artificially inflated during the Class Period.  In ignorance of the fact that market prices of CXTI's publicly-traded common stock were artificially inflated, and relying directly or indirectly on the false and misleading statements made by defendants, or upon the integrity of the market in which the common stock trades, and/or on the absence of material adverse information that was known to or recklessly disregarded by Defendants but not disclosed in public statements by Defendants during

the Class Period, Plaintiff and the other members of the Class acquired CXTI common stock during the Class Period at artificially high prices and were or will be damaged thereby.

46.     At the time of said misrepresentations and omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true.  Had Plaintiff and the other members of the Class and the marketplace known the truth regarding CXTI's financial results, which were not disclosed by defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their CXTI common stock, or, if they had acquired such common stock during the Class Period, they would not have done so at the artificially inflated prices that they paid.

47.     By virtue of the foregoing, Defendants have violated Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder.

48.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's common stock during the Class Period.

49.     This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

## SECOND CLAIM

### Violation of Section 20(a) Of
### The Exchange Act Against the Individual Defendants

50.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

51.    The Individual Defendants acted as controlling persons of CXTI within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their high-level positions, agency, and their ownership and contractual rights, participation in and/or awareness of the Company's operations and/or intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, the Individual Defendants had the power to influence and control, and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.  The Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings and other statements alleged by Plaintiff to have been misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or to cause the statements to be corrected.

52.    In particular, each of these defendants had direct and supervisory involvement in the day-to-day operations of the Company and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

53.    As set forth above, CXTI and the Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint.

54.    By virtue of their positions as controlling persons, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's common stock during the Class Period.

16

55.    This action was filed within two years of discovery of the fraud and within five years of each plaintiff's purchases of securities giving rise to the cause of action.

**WHEREFORE**, plaintiff prays for relief and judgment, as follows:

(a)  Determining that this action is a proper class action, designating plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and plaintiff's counsel as Lead Counsel;

(b)  Awarding compensatory damages in favor of plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)  Awarding plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)  Such other and further relief as the Court may deem just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff hereby demands a trial by jury.


Dated: November 21, 2007                    Respectfully submitted,

                                            **THE ROSEN LAW FIRM, P.A.**

                                            _____
                                            Phillip Kim, Esq.  (PK 9384)
                                            Laurence Rosen, Esq. (LR 5733)
                                            350 Fifth Avenue, Suite 5508
                                            New York, NY  10118
                                            Phone: (212) 686-1060
                                            Fax: (212) 202-3827

                                            Counsel for Plaintiff

17

## CERTIFICATION

The individual or institution listed below (the "Plaintiff") authorizes the Rosen Law Firm, P.A. to file an action or amend a current action under the federal securities laws to recover damages and to seek other relief against China Expert Technology, Inc. ("CXTI"), and certain of its officers and directors. The Rosen Law Firm, P.A. agrees to prosecute the action on a contingent fee basis not to exceed one-third of any recovery and will advance all costs and expenses. Any legal fees and expenses will be determined by, and payable, only upon order of the U.S. District Court.

Plaintiff declares, as to the claims asserted under the federal securities laws, that:

1.      I have reviewed the complaint against CXTI and certain of its officers and directors and authorized the filing thereof by the Rosen Law Firm, P.A., whom I retain as counsel in this action for all purposes.

2.      I did not engage in transactions in the securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in this or any other litigation under the securities laws of the United States.

3.      I am willing to serve as a lead plaintiff either individually or as part of a group. A lead plaintiff is a representative party who acts on behalf of other class members in directing the action, and whose duties may include testifying at deposition and trial.

4.      The following is a list of all of the purchases and sales I have made in CXTI securities during the class period set forth in the complaint. I have made no transactions during the class period in the debt or equity securities that are the subject of this lawsuit except those set forth below.

| Date Purchased | Number of Shares Purchased or Sold | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| 2/28/2007 | 2,385 | $4.94 | | $ |
| 12/29/2006 | 443 | $6.39 | | $ |
| | 2,385 | $ | 10/18/2007 | $ .18 |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM: (212) 202-3827

5.    I have not, within the three years preceding the date of this certification, sought to serve or served as a representative party on behalf of a class in an action involving alleged violations of the federal securities laws, except: for the following company(ies):

6.    I will not accept any payment for serving as a representative party beyond my pro rata share of any recovery, except reasonable costs and expenses, such as travel expenses and lost wages directly related to the class representation, as ordered or approved by the court pursuant to law.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16th day of November, 2007

Signature:

Name:

Item. 4 (continue from prior page if needed)

| Number of Shares Purchased or Sold | Date(s) Purchased | Price Paid Per Share | Date(s) Sold (if applicable) | Price Sold Per Share |
|---|---|---|---|---|
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |
| | | $ | | $ |

PLEASE FAX CERTIFICATION TO ROSEN LAW FIRM at (212) 202-3827
OR MAIL TO:
THE ROSEN LAW FIRM PA
350 FIFTH AVENUE, SUITE 5508
NEW YORK, NY   10118

2