## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARLOS MUNOZ, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-cv-10531-AKH |
| CHINA EXPERT TECHNOLOGY, INC. ZHU XIAOXIN, HUANG TAO, and FU WAN CHUNG, a.k.a. SIMON FU, | ) ) ) ) | "ECF" CASE |
| Defendants. | ) ) ) | |

## MOVANT UVE PARTNERS GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND MEMORANDUM OF LAW IN SUPPORT

**Table of Contents**

I.      Introduction……………………………………………………………………1

II.     Legal Argument………………………………………………………………..2

A.      The UVE Partners Group Should be Appointed Lead Plaintiff………………………..2

1.      Notice was Properly Published Under the PSLRA……………………………2

2.      Movants Should be Appointed Lead Plaintiff…………………………………3

a.      Movants have Moved for Appointment as Lead Plaintiffs
        Within 60 Days of Publication of Notice....……………………………………4

b.      Movants have the Largest Financial Interest in the Relief Sought……………5

B.      Movants Otherwise Satify the Requirements of Rule 23, Fed. R. Civ. P……………...7

1.      The Claims of Movants are Typical of the Claims of
        other Members of the Class…………………………………………………….8

2.      Movants will Fairly and Adequately Represent
        the Interests of the Class……………………………………………………..9

3.      The Court Should Approve the UVE Partners
        Group Choice of Counsel……………………………………………………10

III.    Conclusion

**Exhibits**

Exhibit 1:  Declaration of William B. Federman

       Exhibit 1(A):  Investor Certifications

       Exhibit 1(B):  PSLRA Loss Analyses

       Exhibit 1(C):  Press Release

       Exhibit 1(D):  Federman & Sherwood Resume

Exhibit 2:  Proposed Order

Movants UVE Partners, LLC, Allen Goldschmidt, Eric Dworkin, Ronald B. Marchman and Lori Samuels ("Movants" or the "UVE Partners Group"), move the Court for an order:   (1) appointing UVE Partners Group as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "1934 Act" or the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by Section 101(a) of the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 (the "PSLRA"); (2) approving Movants' selection of the law firm of Federman & Sherwood as Lead Counsel;[1] and (3) granting such other relief as the Court may deem just and proper.

## I.    INTRODUCTION

Pending before this Court is one (1) securities class action lawsuit brought by purchasers of the common stock of China Expert Technology, Inc. ("China Expert" or the "Company") against China Expert and certain of its present and former officers and directors.  The Complaint alleges that Defendants violated the federal securities laws by knowingly and/or recklessly disseminating false and misleading information about the Company's financial performance, which inflated the market price of the Company's common stock during the period beginning November 14, 2006 through and including October 1, 2007 (the "Class Period").  Plaintiffs allege claims for violations of Sections 10(b) and 20(a) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5.  Specifically, the Complaint asserts that on July 19, 2007, the Company's CFO suddenly resigned.  Thereafter, on August 14, 2007, China Expert

---

[1]   The PSLRA permits any putative class member - - regardless of whether they have failed a complaint - - to move for appointment of lead plaintiff.  See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Consequently, Movant is unable to identify those class members that may file competing motions and accordingly oppose this motion.  Courts have held that defendants do not have standing to object to lead plaintiff motions.  *See, e.g., In re Waste Management, Inc. Sec. Litig.*, 128 F.Supp2d 401, 409 (S.D. Tex 2000).

announced that it had obtained a five-day extension with the SEC to file its quarterly report on Form 10-Q.  During this period of time, numerous articles were published by media outlets calling into question the veracity of China Expert's disclosures.  On October 1, 2007, following the resignation of the Company's auditor, the SEC temporarily halted trading of China Expert's stock.  As a result of these adverse disclosures the market price of the Company's common stock was inflated during the Class Period and the investors were damaged.

Movants are a suitable Lead Plaintiff and class representative in this action.  Movants have satisfied the procedural requirements of the PSLRA.  First, Movants are believed to be the moving class member or group of class members with the largest loss and the most appropriate Lead Plaintiff due to the size of its investments in China Expert common stock as well as its interest in the litigation.  Movants suffered losses of $216,833.86 as a result of their transactions in China Expert securities during the Class Period.[2]  *See* Exhibits 1(A) and 1(B) to the Federman Declaration.  Second, Movants satisfy the requirements of Rule 23, Fed. R. Civ. P. 23(a). Movants' claims are typical of those of the class.  Movants will also adequately represent the class.  Movants will actively participate in and vigorously pursue this case and have selected and retained Federman & Sherwood to serve as Lead Counsel.

## II.    LEGAL ARGUMENT

### A.    The UVE Partners Group should be Appointed Lead Plaintiff

#### 1.    Notice was Properly Published under the PSLRA

On November 21, 2007, the Rosen Law Firm, P.A., the law firm that filed the initial lawsuit, filed a notice pursuant to Section 21D(a)(3)(A)(i) of the Securities Exchange Act of

---

[2]    Investor certifications and tables setting forth Movants' purchases and sales of China Expert common stock during and after the Class Period, and losses, are attached as Exhibits 1(A) and 1(B) to the Declaration of William B. Federman ("Federman Declaration"), attached hereto as Exhibit 1.

1934, 15 U.S.C. §78u-4(a)(3)(A)(i) over a national newswire, *MarketWire*, advising putative members of the proposed class of their right to move the Court to serve as lead plaintiff no later than 60 days from the issuance of the notice. *See* Exhibit 1(C) to the Federman Declaration. The notice is sufficient and satisfies the requirements of Section 21D(a)(3)(i) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(i). *See Greebel v. FTP Software, Inc.,* 939 F. Supp. 57, 62-64 (D. Mass. 1996). National wire services have consistently been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6, 1997); *In re Nice Systems Sec. Litig.*, 188 F.R.D. 206, 215 (D. N.J. 1999); *Greebel v. FTP Software, Inc.*, 939 F. Supp. at 62-64.

### 2.    Movants should be Appointed Lead Plaintiff

The PSLRA, which became law December 22, 1995, amended the Exchange Act by adding new sections specifically addressing various matters relating to private lawsuits brought thereunder. Specifically, the PSLRA establishes a procedure for the appointment of a "Lead Plaintiff" in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." §21D(a)(1), 15 U.S.C. §78u-4(a)(1).

The PSLRA provides that the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i). The first such notice here was published on November 21, 2007. *See* Exhibit 1(C) to the Federman Declaration.

The PSLRA further provides that within 90 days after the publication of the notice of pendency, or as soon as practicable after the consolidation of multiple related cases if consolidation occurs after the expiration of the 90-day period, the court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(B)(i).

The PSLRA directs the courts to presume, when appointing lead plaintiffs pursuant to this statute, that the most adequate plaintiff is the person or group of persons that:

> (aa)    has either filed the complaint or made a motion in response to a notice . . . [within 60 days of publication of the notice];
>
> (bb)    in the determination of the court, has the largest financial interest [of those class members moving for lead plaintiff] in the relief sought by the class, and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I), 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The moving class member or group of class members with the largest financial stake in the litigation and who otherwise satisfies the requirements of Rule 23(a), Fed. R. Civ. P., is the presumptive lead plaintiff.  *In re Cavanaugh*, 306 F.3d 726, 729-730 (9th Cir. 2002); *Pirelli Armstrong Tire Corp. Retiree Medical Benefit Trust v. LcBranche & Co., Inc.,* 229 F.R.D. 395 (S.D.N.Y. 2004).  As discussed below, Movants satisfy each of the criteria set forth above and are entitled to the presumption set forth in §21D(a)(3)(B)(iii)(I) of the Exchange Act (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)) that they are the most adequate plaintiff.

        **a.**      **Movants have Moved for Appointment as Lead Plaintiffs Within 60 Days of Publication of Notice**

Movants have moved within the statutory 60-day period of the initial PSLRA notice of this lawsuit. This Motion contains the required certifications setting forth, *inter alia*, Movants' transactions in China Expert securities during the Class Period, and indicates that Movants have reviewed the Complaint filed in this action and are willing to serve as representative parties on behalf of the class. *See* Exhibit 1(A) to Federman Declaration. Accordingly, Movants have satisfied this prong of the PSLRA's lead plaintiff criteria.

> **b.    Movants have the Largest Financial Interest in the Relief Sought**

Section 21D(a)(3)(iii)(I)(bb) of the PSLRA defines the most adequate plaintiff (presumptively) as the "person or group of persons" that, among other things, has "the largest financial interest in the relief sought by the class." §15 U.S.C. 78u-4(a)(3)(I)(bb). Courts have determined the largest financial interest by looking to (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the Class Period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Pirelli*, 229 F.R.D. at 404. However, some courts have determined that the financial loss is the most significant factor in determining the person or group of persons with the largest financial interest in the relief sought. *In re Vicuron Pharmaceuticals, Inc. Sec. Litig.*, 225 F.R.D. 508, 510 (E.D.Pa. 2004); *see e.g., In re Amb. Bus. Fin. Serv., Inc. Sec. Litig.*, 2004 WL 1221353 (E.D.Pa. 2001); *In re Cell Pathways, Inc. Sec. Litig.*, 203 F.R.D. 189 (E.D.Pa. 2001); *see Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 at *2 (S.D.N.Y. July 1, 2005) (appointing lead plaintiff based on largest claimed losses).

Section 21D(e)(2) of the PSLRA provides that a plaintiff's recoverable losses in any securities fraud class action shall be measured as:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security.

§15 U.S.C. 78u-4(e)(2).  If a plaintiff does not sell his securities within the 90-day period immediately following dissemination to the market of the information correcting the omissions and misstatements its losses are measured as follows:

> the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market.

15 U.S.C. §78u-4(e)(1).

Under the above calculation, the UVE Partners Group has suffered net losses of $216,833.86 from its purchases of China Expert common stock during the Class Period.  *See* Exhibits 1(A) and 1(B) to the Federman Declaration.  As of this filing, Movants are unaware of any motion for appointment as lead plaintiff by a class member that claims to have sustained greater financial losses in connection with the purchase and sale of China Expert common stock during the Class Period.  Nor have Movants received any notice that any potential applicant has greater financial losses resulting from purchases of China Expert stock during the Class Period.

The UVE Partners Group believes that it has sustained a greater financial loss in connection with the purchase and sale of China Expert's common stock during the Class Period than any competing Lead Plaintiff Movant.  Accordingly, the UVE Partners Group has satisfied this prong of the PSLRA's prerequisites for appointment as Lead Plaintiff.  Moreover, Movant UVE Partners, LLC is an institutional investor.   The PSLRA favors the selection of institutional investors as lead plaintiff.  *In re Smith Barney Transfer Agent Litig.,* 2006 WL 991003 at *2

(S.D.N.Y. April 17, 2006); *Olsen v. New York Community Bancorp. Inc.*, 233 F.R.D. 101, 107 (E.D.N.Y. Aug. 9, 2005) ("Many courts have interpreted the PSLRA to favor institutional investors serving as lead plaintiff."); *In re Flight Safety Technology, Inc. Sec. Litig.*, 231 F.R.D. 124, 131-32 (D. Conn. 2005) (noting institutional investor brings knowledge and resources to the case).

### B.    Movants Otherwise Satisfy the Requirements of Rule 23, Fed. R. Civ. P.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1)    the class is so numerous that joinder of all members is impracticable;
>
> (2)    there are questions of law or fact common to the class;
>
> (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics and/or qualifications of the class representative. Accordingly, in adjudicating a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Fed. R. Civ. P. 23(a) and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *Pirelli*, 229 F.R.D. at 411-12; *In re Cavanaugh*, 306 F.3d at 730; *see, e.g., Lax v. First Merchants Acceptance Corp.*, 1997 U.S.

Dist. LEXIS 11866, at *20; *Fischler v. Amsouth Bancorporation*, 1997 U.S. Dist. LEXIS 2875, *7-8 (M.D. Fla. Feb. 6, 1997). As detailed below, Movants satisfy both the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### 1.    The Claims of Movants are Typical of the Claims of other Members of the Class

Fed. R. Civ. P. 23(a)(3) mandates that the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of class members and his or her claims are based on the same legal theory." *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)), *cert. denied*, 506 U.S. 1051 (1993)). Furthermore, factual variations among the claims of the class representatives and class members will not defeat "typicality":

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

*De La Fuente,* 713 F.2d at 232 (citations omitted); *see also Hurd v. Monsanto Co.*, 164 F.R.D. 234, 239 (S.D. Ind. 1995).

Movants' claims are typical of, if not identical to, the claims of the other members of the class. Here, Movants purchased China Expert common stock during the Class Period: (1) at prices alleged to have been artificially inflated by the false and misleading statements issued by Defendants; and (2) was damaged by the alleged fraud. Thus, Movants' claims meet the typicality requirement, since questions of liability are common to all class members. *See In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality requirement "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability") (citations

omitted), *cert. dismissed sub nom., Hart Holding Co. v. Drexel Burnham Lambert Group, Inc.*, 506 U.S. 1088 (1993).

       **2.**      **Movants will Fairly and Adequately Represent the Interests of the Class**

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party, "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978); *In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 257 (C.D. Cal. 1988); *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 102 F.R.D. 457, 464 (N.D. Cal. 1983). So long as the Movant with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job. *Pirelli*, 229 F.R.D. at 411-12. Once the presumption is triggered the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead the question is whether anyone can prove that the presumptive lead plaintiff will not do a fair and adequate job. *In re Cavanaugh*, 306 F.3d 732 and n.10. Movants will fairly and adequately represent the class.

First, counsel for the class is well-qualified. Movants have retained counsel with considerable experience in the prosecution of class action and federal securities law claims. *See* Federman & Sherwood resume attached as Exhibit 1(D).

Second, there are no potential conflicts between Movants and the interests of the absent class members. Movants' claims are typical of the claims of the rest of the class. All investors are aligned in the common interest of recovering their damages from Defendants. Movants have indicated that it will protect the interests of the class, as reflected in Movants' investor

certifications. *See* Exhibit 1(A) to Federman Declaration. Moreover, having suffered the largest financial loss of all class members seeking to be appointed lead plaintiff in the action, Movants have a strong incentive to pursue this action vigorously on behalf of the entire class.

In short, Movants would adequately represent the putative class. Consequently, Movants meet the requirements of Section 21D(a)(3)(B)(iii)(I)(aa)-(cc) of the 1934 Act, §15 U.S.C. 78u-4(a)(3)(B)(iii)(I)(aa)-(cc), and should be appointed as Lead Plaintiff in this action.

### 3. The Court should Approve the UVE Partners Group Choice of Counsel

Pursuant to PSLRA §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), a lead plaintiff applicant shall, subject to court approval, select and retain counsel to represent the class. The inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator – and a relatively weak one at that – of plaintiff's fitness. *In re Cavanaugh*, 306 F.3d at 733. It is lead plaintiff and not the court that selects counsel. *Id.* at 31-33. Only in rare circumstances should the counsel chosen by lead plaintiff not be approved by the court. *See id*. Movants have selected and retained Federman & Sherwood as Lead Counsel. Federman & Sherwood possess extensive experience in the areas of securities and other complex litigation. *See* Exhibit 1(D) to Federman Declaration. The Court can be assured that, in the event this Motion is granted, the members of the class will receive quality legal representation. Accordingly, the Court should approve Movants' selection of Lead Counsel.

### III. CONCLUSION

For the reasons set forth above, the Court should: (1) appoint the UVE Partners Group as Lead Plaintiff in this action; (2) approve the UVE Partners Group's selection of Federman & Sherwood as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:    January 22, 2008                          Respectfully submitted,


                                                    _____s/William B. Federman_____
                                                    William B. Federman  (WBF9124)
                                                    Attorneys for Movant
                                                    10205 N. Pennsylvania Ave.
                                                    Oklahoma City, OK  73120
                                                    Telephone:  (405) 235-1560
                                                    Fax:  (405) 239-2112
                                                    wfederman@aol.com

                                                    -and-

                                                    2926 Maple Ave., Suite 200
                                                    Dallas, TX  75201

## **CERTIFICATE OF SERVICE**

This is to certify that on January 22, 2008, I electronically transmitted this document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Electronic Mail Notice List: The following are those who are currently on the list to receive e-mail notices for this case:

Laurence Matthew Rosen
Phillip C. Kim
The Rosen Law Firm, P.A.
350 5th Avenue, Suite 5508
New York, NY 10118
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
lrosen@rosenlegal.com
pkim@rosenlegal.com


Manual Notice List
The following is the list of attorneys who are not on the list to receive email notices for this case (who therefore require manual noticing).




___s/William B. Federman_____
William B. Federman

# EXHIBIT 1

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARLOS MUNOZ, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-cv-10531-AKH |
| CHINA EXPERT TECHNOLOGY, INC. ZHU XIAOXIN, HUANG TAO, and FU WAN CHUNG, a.k.a. SIMON FU, | ) ) ) ) | "ECF" CASE |
| Defendants. | ) ) ) | |

## <u>DECLARATION OF WILLIAM B. FEDERMAN</u>

I, William B. Federman, declare under penalty of perjury as follows:

1.      I am an attorney duly admitted to the Bars of the State of Oklahoma and the United States District Court for the Southern District of New York. I am a member of the law firm of Federman & Sherwood, counsel for UVE Partners, LLC, Allen Goldschmidt, Eric Dworkin, Ronald B. Marchman and Lori Samuels ("Movants" or the "UVE Partners Group") in the above referenced action.

2.      I submit this Declaration in support of the UVE Partners Group's motion for an order pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSRLA"), (a) appointing UVE Partners Group as Lead Plaintiff in such action and in any related action; (b) approving Movants' selection of Federman & Sherwood as Lead Counsel; and (c) granting such other relief as the Court may deem just and proper.

3.    Attached hereto as Exhibit 1(A) is a true and correct copy of the PSLRA certification forms signed by the UVE Partners Group pursuant to §21D(a)(2)(A) of the Exchange Act.

4.    Attached hereto as Exhibit 1(B) is the Securities Exchange Act loss analysis for the UVE Partners Group.

5.    Attached hereto as Exhibit 1(C) is a copy of the notice disseminated by Rosen Law Firm, P.A. over *MarketWire*, informing class members of the pendency of the first filed securities class action and their right to file a motion for appointment as Lead Plaintiff.

6.    Attached hereto as Exhibit 1(D) is a copy of the firm resume of Federman & Sherwood.

I declare under penalty of perjury that the foregoing is true and correct, this 22nd day of January, 2008.

_____
William B. Federman

# EXHIBIT 1(A)

Plaintiffs Certification of Investment of
China Expert Technology, Inc. [OTC: CXTI.PK]

I, _KENT M. KLINGMAN_ hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1.    I have reviewed the Complaint in this action and authorize the filing of this Certification.

2.    If chosen, I am willing to serve as a representative party on behalf of the class (the "Class") as defined in the Complaint, including providing testimony at deposition and trial (if necessary). I am willing to participate on an executive committee of shareholders.

3.    Plaintiff's transaction in China Expert Technology, Inc. [OTC: CXTI.PK] security that is the subject of this action is:

| # SHARES PURCHASED | DATE PURCHASED | PRICE PER SHARE | IF SOLD # OF SHARES SOLD | DATE SOLD (if applicable) | PER SHARE SOLD PRICE |
|---|---|---|---|---|---|
| | | SEE ATTACHMENT "A" | | | |
| | | | | | |
| | | | | | |

(continue on blank piece of paper, if necessary)

UVE PARTNERS LLC

4.    I did not purchase these securities at the direction of my counsel, or in order to participate in a lawsuit under the Securities Exchange Act of 1934.

5.    During the three-year period preceding the date of the Certification, I have not *has* sought to serve, nor have I served, as a representative to any party or on behalf of any class in any action arising under the Securities Exchange Act of 1934.

6.    I will not accept any payment if chosen to serve as a representative party on behalf of the Class beyond my pro rata share of an award to the Class, or as otherwise ordered and approved by the Court.

Signed under penalty of perjury, this 27th day of DECEMBER, 2007.

_Kent M. Klineman_, a MANAGING MEMBER
Signature                                Address

KENT M. KLINEMAN
Name    (please print)         City         State         Zip

_____         _____
Telephone Number                       E-Mail Address

Return to:
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax (405) 239-2112
Email: wfederman@aol.com
Website: www.federmanlaw.com

ATTACHMENT "A"

5/2007

Page 1

| Date | Action | Security | Quote/P... | Shares | Commission | Amount Inve... |
|---|---|---|---|---|---|---|
| 9/13/2006 | BoughtX | China Expert Technology | 2.650 | 1,000.000 | 30.00 | 2,680.00 |
| 9/14/2006 | BoughtX | China Expert Technology | 2.683 | 15,000.000 | 450.00 | 0.00 40,699.50 |
| 9/15/2006 | BoughtX | China Expert Technology | 2.650 | 10,000.000 | 300.00 | 0.00 26,800.00 |
| 9/18/2006 | BoughtX | China Expert Technology | 2.636 | 7,000.000 | 210.00 | 0.00 18,659.90 |
| 9/19/2006 | BoughtX | China Expert Technology | 2.600 | 1,000.000 | 30.00 | 0.00 2,630.00 |
| 9/21/2006 | BoughtX | China Expert Technology | 2.750 | 5,000.000 | 150.00 | 0.00 13,900.00 |
| 9/22/2006 | BoughtX | China Expert Technology | 2.700 | 5,000.000 | 150.00 | 0.00 13,650.00 |
| 9/25/2006 | BoughtX | China Expert Technology | 2.640 | 10,000.000 | 300.00 | 0.00 26,700.00 |
| 9/26/2006 | BoughtX | China Expert Technology | 2.605 | 10,000.000 | 300.00 | 0.00 26,350.00 |
| 9/27/2006 | BoughtX | China Expert Technology | 2.583 | 10,000.000 | 300.00 | 0.00 26,125.00 |
| 9/28/2006 | BoughtX | China Expert Technology | 2.510 | 5,000.000 | 150.00 | 0.00 12,700.00 |
| 9/29/2006 | BoughtX | China Expert Technology | 2.500 | 5,000.000 | 150.00 | 0.00 12,650.00 |
| 10/4/2006 | BoughtX | China Expert Technology | 2.400 | 5,000.000 | 150.00 | 0.00 12,150.00 |
| 10/9/2006 | BoughtX | China Expert Technology | 2.450 | 3,000.000 | 90.00 | 0.00 7,440.00 |
| 10/13/2006 | BoughtX | China Expert Technology | 2.470 | 2,500.000 | 75.00 | 0.00 6,250.00 |
| 10/17/2006 | BoughtX | China Expert Technology | 2.400 | 5,000.000 | 150.00 | 0.00 12,150.00 |
| 10/19/2006 | BoughtX | China Expert Technology | 2.400 | 3,000.000 | 90.00 | 0.00 7,290.00 |
| 3/5/2007 | BoughtX | China Expert Technology | 4.350 | 2,000.000 | 60.00 | 0.00 8,760.00 |
| 3/15/2007 | BoughtX | China Expert Technology | 4.950 | 3,000.000 | 90.00 | 0.00 14,940.00 |
| 3/20/2007 | BoughtX | China Expert Technology | 4.850 | 2,000.000 | 60.00 | 0.00 9,760.00 |
| 3/29/2007 | BoughtX | China Expert Technology | 4.775 | 6,000.000 | 180.00 | 0.00 28,830.00 |
| 3/30/2007 | BoughtX | China Expert Technology | 4.400 | 3,000.000 | 90.00 | 0.00 13,290.00 |
| 5/22/2007 | BoughtX | China Expert Technology | 6.250 | 500.000 | 15.00 | 0.00 3,140.00 |
| 7/20/2007 | BoughtX | China Expert Technology | 4.950 | 2,000.000 | 60.00 | 0.00 9,960.00 |
| 7/25/2007 | BoughtX | China Expert Technology | 3.900 | 3,000.000 | 90.00 | 0.00 11,790.00 |
| 11/2/2007 | SoldX | China Expert Technology | 0.200 | -2,500.000 | 25.01 | 0.00 -6,749.95 |
| 11/9/2007 | SoldX | China Expert Technology | 0.150 | -121,500.... | 6,000.29 | 0.00 0.00 -362,544.45 |
| | | | | | | 0.00 0.00 |
| | | | | | 9,745.30 | 0.00 |

Plaintiffs Certification of Investment of
China Expert Technology, Inc. [OTC: CXTI.PK]

I, _Allen  Goldschmidt_____, hereby certify that the following is true and correct
to the best of my knowledge, information and belief:

1.      I have reviewed the Complaint in this action and authorize the filing of this
Certification.

2.      If chosen, I am willing to serve as a representative party on behalf of the class (the
"Class") as defined in the Complaint, including providing testimony at deposition and trial (if
necessary). I am willing to participate on an executive committee of shareholders.

3.      Plaintiff's transaction in China Expert Technology, Inc. [OTC: CXTI.PK] security that
is the subject of this action is:

| # SHARES PURCHASED | DATE PURCHASED | PRICE PER SHARE | IF SOLD, # OF SHARES SOLD | DATE SOLD (if applicable) | PER SHARE SOLD PRICE |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  | See  Attached |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(continue on blank piece of paper, if necessary)

4.      I did not purchase these securities at the direction of my counsel, or in order to
participate in a lawsuit under the Securities Exchange Act of 1934.

5.      During the three-year period preceding the date of the Certification, I have not
sought to serve, nor have I served, as a representative to any party or on behalf of any class in
any action arising under the Securities Exchange Act of 1934.

6.      I will not accept any payment if chosen to serve as a representative party on behalf
of the Class beyond my pro rata share of an award to the Class, or as otherwise ordered and
approved by the Court.

Signed under penalty of perjury, this _1st_ day of _December_, 2007.

_Allen Goldschmidt_____
        Signature                                    Address

_ALLEN  Goldschmidt_
        Name    (please print)              City              State              Zip

_____              _____
        Telephone Number                          E-Mail Address

Return to:
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax (405) 239-2112
Email:
Website:



✱ Open An Account    ⬤ New! Onlin

| Enter Symbol or Name | **QUOTES** | Enter Question or Keywords | **SEARCH** |

| **Accounts** | **Trading & Portfolios** | **Quotes & Research** | **Mutual Funds, ETFs & Bonds** | **Advice & Retirement** | **Banking & Credit Cards** |

**Mortgages & Home Equity**

| Trade | Portfolios | View Orders | Balances | Transaction History | IPO Center | Active Trading | Global Trading | Options Trading |

December 01,

# Transaction History

🏷 Alerts  |  » Transfer Money  |  »

| **Transactions** | **Check Summary** | **Deposit Summary** | **Categories** | **Reports** |

**Account:**

**Type:** [All Types]    **Show:** ☑ Non-Cash Transactions  ☐ Sweep Activities

**Time Period:** [Apr-Jun 2007]    **From:** [____]  –  **To:** [____]

**Description:** [____]    **Symbol:** [cxti]    **Order #:** [____]    **Check #:** [____]

🔍 **Basic Search**

| Net Value |
|---|
| **2007** |
| Contributions |
| Distributions |
| **2006** |
| Contributions |
| Distributions |
| Contribution Amounts |

🖨 Printer-friendly

| <u>Date</u> | <u>Type</u> | <u>Description (show categories)</u> |
|---|---|---|
| 04/25/07 | Bought | 1,000 of CXTI @ $7.26 (Order #472) |

  

🔒 **E*TRADE COMPLETE™ PROTECTION GUARANTEE**

**SIPC** Securities in your account protected up to $500,000. For details please see www.sipc.org.

✓ VeriSign Secured

## PLEASE READ THE IMPORTANT DISCLOSURES BELOW

Securities products and services are offered by E*TRADE Securities LLC, Member FINRA/SIPC.

**System response and account access times may vary due to a variety of factors, including trading volumes, market conditions, system performance, and other factors.**

Statement of Financial Condition  |  About Brokerage Insurance  |  Customer Account Agreements  |  Privacy Statement  |  Business Continuity P
Online Security  |  Contact Us  |  About Us  |  Careers@etrade

© 2007 E*TRADE FINANCIAL Corp. All rights reserved. Version 1.0. 32w24m3.2

Allen Goldschmidt



✳ Open An Account     ❂ New! Onlin

| Enter Symbol or Name | QUOTES | Enter Question or Keywords | SEARCH |

**Accounts**    **Trading & Portfolios**    **Quotes & Research**    **Mutual Funds, ETFs & Bonds**    **Advice & Retirement**    **Banking & Credit Cards**

**Mortgages & Home Equity**

| Trade | Portfolios | View Orders | Balances | Transaction History | IPO Center | Active Trading | Global Trading | Options Trading

December 01,

## Transaction History

⚡ Alerts  |  ➤➤ Transfer Money  |  ➤➤

**Transactions**    **Check Summary**    **Deposit Summary**    **Categories**    **Reports**

Account:

Type: [All Types]    Show: ☑ Non-Cash Transactions  ☐ Sweep Activities

Time Period: [Jan-Mar 2007]    From: [          ]    –  To: [          ]

Description: [          ]    Symbol: [cxti]    Order #: [          ]    Check #: [          ]

[          ]    ☆ Basic Search



<u>Net Value</u>
**2007**
Contributions
Distributions
**2006**
Contributions
Distributions
<u>Contribution Amounts</u>

🖨 Printer-friendly

| <u>Date</u> | <u>Type</u> | Description (show categories) |
|---|---|---|
| 03/15/07 | Bought | 1,500 of CXTI @ $5.25 (Order #464) |
| 02/28/07 | Bought | 1,000 of CXTI @ $4.95 (Order #461) |
| 02/27/07 | Bought | 1,000 of CXTI @ $5.02 (Order #459) |
| 02/27/07 | Bought | 1,000 of CXTI @ $5.05 (Order #458) |
| 02/27/07 | Bought | 1,000 of CXTI @ $4.98 (Order #460) |
| 02/23/07 | Bought | 1,200 of CXTI @ $6.00 (Order #457) |
| 02/21/07 | Bought | 1,000 of CXTI @ $5.91 (Order #453) |
| 02/21/07 | Bought | 1,000 of CXTI @ $5.94 (Order #452) |
| 02/21/07 | Bought | 1,000 of CXTI @ $5.94 (Order #451) |
| 02/21/07 | Bought | 1,000 of CXTI @ $5.98 (Order #450) |
| 02/21/07 | Bought | 1,000 of CXTI @ $6.01 (Order #449) |
| 02/16/07 | Bought | 1,400 of CXTI @ $5.40 (Order #445) |
| 02/15/07 | Bought | 2,500 of CXTI @ $5.34 (Order #444) |
| 02/15/07 | Bought | 900 of CXTI @ $5.30 (Order #443) |


E*TRADE COMPLETE™
PROTECTION GUARANTEE


Securities in your account
protected up to $500,000.
For details please see
www.sipc.org.


VeriSign
Secured

**PLEASE READ THE IMPORTANT DISCLOSURES BELOW**



**E\*TRADE FINANCIAL**

| Enter Symbol or Name | QUOTES | Enter Question or Keywords | SEARCH |

✱ Open An Account   ● New! Onlin

Accounts    Trading & Portfolios    Quotes & Research    Mutual Funds, ETFs & Bonds    Advice & Retirement    Banking & Credit Cards

Mortgages & Home Equity

| Trade | Portfolios | View Orders | Balances | Transaction History | IPO Center | Active Trading | Global Trading | Options Trading

December 01,

## Transaction History

🏷 Alerts  |  ➤ Transfer Money  |  ➤

**Transactions    Check Summary    Deposit Summary    Categories    Reports**

Account:

Type: [All Types]    Show: ☑ Non-Cash Transactions ☐ Sweep Activities

Time Period: [Jul-Sep 2007]    From: [       ] – To: [       ]

Description: [       ]    Symbol: [cxti]    Order #: [       ]    Check #: [       ]

🔍 Basic Search

Net Value
**2007**
Contributions
Distributions
**2006**
Contributions
Distributions
Contribution Amounts

🖨 Printer-friendly

| Date | Type | Description (show categories) |
|---|---|---|
| 07/24/07 | Sold | 10,000 of CXTI @ $4.09 (Order #482) |
| 07/24/07 | Sold | 5,000 of CXTI @ $4.01 (Order #483) |
| 07/24/07 | Sold | 1,500 of CXTI @ $4.01 (Order #484) |
| 07/24/07 | Sold | 1,000 of CXTI @ $4.00 (Order #484) |
| 07/24/07 | Sold | 500 of CXTI @ $4.06 (Order #485) |
| 07/24/07 | Sold | 500 of CXTI @ $4.23 (Order #481) |
| 07/05/07 | Bought | 1,000 of CXTI @ $7.05 (Order #479) |

  

**E\*TRADE COMPLETE™ PROTECTION GUARANTEE**

**SIPC** Securities in your account protected up to $500,000. For details please see www.sipc.org.

✓ Verified Secured

**PLEASE READ THE IMPORTANT DISCLOSURES BELOW**

Securities products and services are offered by E*TRADE Securities LLC, Member FINRA/SIPC.

**System response and account access times may vary due to a variety of factors, including trading volumes, market conditions, system performance, and other factors.**

Statement of Financial Condition  |  About Brokerage Insurance  |  Customer Account Agreements  |  Privacy Statement  |  Business Continuity P
Online Security  |  Contact Us  |  About Us  |  Careers@etrade

© 2007 E*TRADE FINANCIAL Corp. All rights reserved. Version 1.0. 32w24m3.2

E*TRADE FINANCIAL – Trading & Portfolios



**E✳TRADE**
**FINANCIAL**

| Enter Symbol or Name | **QUOTES** | | Enter Question or Keywords | **SEARCH** |

✱ Open An Account    ✔ New!  Onlin

| Accounts | Trading & Portfolios | Quotes & Research | Mutual Funds, ETFs & Bonds | Advice & Retirement | Banking & Credit Cards |

Mortgages & Home Equity

Trade | Portfolios | View Orders | Balances | Transaction History | IPO Center | Active Trading | Global Trading | Options Trading

December 01,

# Transaction History

🚩 Alerts | ⟫ Transfer Money | ⟫⟫

**Transactions    Check Summary    Deposit Summary    Categories    Reports**

**Account:**

| Type: | All Types ▼ | **Show:** ☑ Non-Cash Transactions ☐ Sweep Activities |

| Time Period: Jan-Mar 2007 ▼ | From: [____] 📅 – To: [____] 📅 |

| Description: [____] | Symbol: cxti | Order #: [____] | Check #: [____] |

[▬▬▬]                              ⚲ Basic Search

Pending for the next 7 da
Scheduled Payments
Scheduled Transfers

🖨 Printer-friendly

| <u>Date</u> | <u>Type</u> | View | Description (show categories) |
|------|------|------|------|
| 02/16/07 | Bought | | 3,000 of CXTI @ $5.45 (Order #12254) |
| 02/16/07 | Bought | | 3,000 of CXTI @ $5.31 (Order #12243) |
| 02/16/07 | Bought | | 1,000 of CXTI @ $5.41 (Order #12250) |
| 02/14/07 | Bought | | 5,000 of CXTI @ $5.40 (Order #12233) |
| 02/14/07 | Bought | | 3,000 of CXTI @ $5.32 (Order #12231) |
| 02/14/07 | Bought | | 1,700 of CXTI @ $5.24 (Order #12236) |
| 02/14/07 | Bought | | 1,300 of CXTI @ $5.15 (Order #12228) |
| 02/14/07 | Bought | | 1,000 of CXTI @ $5.20 (Order #12229) |
| 02/14/07 | Bought | | 1,000 of CXTI @ $5.35 (Order #12232) |

 E✳TRADE COMPLETE™ PROTECTION GUARANTEE

 **SIPC** Securities in your account protected up to $500,000. For details please see www.sipc.org.

 Verisign Secured

**PLEASE READ THE IMPORTANT DISCLOSURES BELOW**

Securities products and services are offered by E*TRADE Securities LLC, Member FINRA/SIPC.

**System response and account access times may vary due to a variety of factors, including trading volumes, market conditions, system performance, and other factors.**

Statement of Financial Condition | About Brokerage Insurance | Customer Account Agreements | Privacy Statement | Business Continuity P
Online Security | Contact Us | About Us | Careers@etrade



**E✳TRADE FINANCIAL**

| | | ✤ Open An Account | ● New! Onlin |

Enter Symbol or Name  (QUOTES)    Enter Question or Keywords  (SEARCH)

| Accounts | Trading & Portfolios | Quotes & Research | Mutual Funds, ETFs & Bonds | Advice & Retirement | Banking & Credit Cards |

Mortgages & Home Equity

Trade | Portfolios | View Orders | Balances | Transaction History | IPO Center | Active Trading | Global Trading | Options Trading

December 01,

## Transaction History

⚡ Alerts  |  ≫ Transfer Money  | ≫▤

Transactions    Check Summary    Deposit Summary    Categories    Reports

**Account:**

Type: [All Types]    Show: ☑ Non-Cash Transactions  ☐ Sweep Activities

Time Period: [Apr-Jun 2007]   From: [____] – To: [____]

Description: [____]   Symbol: [cxti]   Order #: [____]   Check #: [____]

Pending for the next 7 da
Scheduled Payments
Scheduled Transfers

★ Basic Search   🖶 Printer-friendly

| Date | Type | View | Description (show categories) |
|---|---|---|---|
| 06/29/07 | Bought | | 1,000 of CXTI @ $7.05 (Order #12592) |
| 05/23/07 | Bought | | 1,000 of CXTI @ $6.45 (Order #12560) |
| 05/23/07 | Bought | | 750 of CXTI @ $6.45 (Order #12559) |
| 05/17/07 | Sold | | 1,025 of CXTI @ $6.72 (Order #12552) |
| 04/19/07 | Bought | | 2,500 of CXTI @ $6.43 (Order #12462) |

 **E✳TRADE COMPLETE™ PROTECTION GUARANTEE**

 **SIPC** Securities in your account protected up to $500,000. For details please see www.sipc.org.

 Verisign Secured

**PLEASE READ THE IMPORTANT DISCLOSURES BELOW**

Securities products and services are offered by E*TRADE Securities LLC, Member FINRA/SIPC.

**System response and account access times may vary due to a variety of factors, including trading volumes, market conditions, system performance, and other factors.**

Statement of Financial Condition | About Brokerage Insurance | Customer Account Agreements | Privacy Statement | Business Continuity P
Online Security | Contact Us | About Us | Careers@etrade

© 2007 E*TRADE FINANCIAL Corp. All rights reserved. Version 1.0. 32w24m3.2


**FINANCIAL**

✳ Open An Account    ⊘ New! Onlin

Enter Symbol or Name | QUOTES |    Enter Question or Keywords | SEARCH

| Accounts | Trading & Portfolios | Quotes & Research | Mutual Funds, ETFs & Bonds | Advice & Retirement | Banking & Credit Cards |

Mortgages & Home Equity

| Trade | Portfolios | View Orders | Balances | Transaction History | IPO Center | Active Trading | Global Trading | Options Trading |

December 01,

## Transaction History

⚡ Alerts  |  ≫ Transfer Money  |  ≫≣

Transactions    Check Summary    Deposit Summary    Categories    Reports

**Account:**

Type:  [All Types ▦]    Show: ☑ Non-Cash Transactions ☐ Sweep Activities

Time Period: [Jul-Sep 2007 ▦]    From: [        ▦] – To: [        ▦]

Description: [        ]    Symbol: [cxti]    Order #: [        ]    Check #: [        ]

Pending for the next 7 da
Scheduled Payments
Scheduled Transfers

[▬▬▬]                                      🔍 Basic Search        🖨 Printer-friendly

| <u>Date</u> | <u>Type</u> | View | Description (show categories) |
|------|------|------|------|
| 09/25/07 | Sold | | 8,000 of CXTI @ $0.33 (Order #12801) |
| 09/24/07 | Bought | | 4,000 of CXTI @ $0.32 (Order #12799) |
| 09/24/07 | Bought | | 4,000 of CXTI @ $0.33 (Order #12800) |
| 08/06/07 | Sold | | 2,500 of CXTI @ $3.86 (Order #12670) |
| 08/06/07 | Sold | | 2,500 of CXTI @ $3.86 (Order #12669) |
| 08/03/07 | Sold | | 3,500 of CXTI @ $3.94 (Order #12667) |
| 07/30/07 | Bought | | 3,500 of CXTI @ $4.69 (Order #12654) |
| 07/27/07 | Bought | | 5,000 of CXTI @ $4.50 (Order #12651) |
| 07/24/07 | Sold | | 2,225 of CXTI @ $4.32 (Order #12648) |
| 07/23/07 | Sold | | 3,500 of CXTI @ $4.80 (Order #12638) |
| 07/23/07 | Sold | | 3,500 of CXTI @ $4.75 (Order #12639) |
| 07/23/07 | Sold | | 3,000 of CXTI @ $4.56 (Order #12647) |
| 07/23/07 | Sold | | 2,500 of CXTI @ $4.80 (Order #12640) |
| 07/23/07 | Sold | | 2,000 of CXTI @ $4.69 (Order #12643) |
| 07/20/07 | Sold | | 4,000 of CXTI @ $5.10 (Order #12637) |
| 07/20/07 | Sold | | 3,500 of CXTI @ $5.20 (Order #12636) |

Allen Goldschmidt — Ameritrade

| DATE | TRANSAC | DESCRIPT | QUANTITY | SYMBOL | PRICE | COMMISS | AMOUNT | SALES FE |
|---|---|---|---|---|---|---|---|---|
| 2/20/2007 | 2.64E+09 | Bought 200 | 200 | CXTI | 6.11 | 9.99 | -1231.99 | |
| 2/20/2007 | 2.64E+09 | Bought 380 | 3800 | CXTI | 6.15 | 9.99 | -23379.99 | |
| 2/20/2007 | 2.64E+09 | Bought 100 | 1000 | CXTI | 6.15 | 9.99 | -6159.99 | |
| 2/20/2007 | 2.64E+09 | Bought 300 | 3000 | CXTI | 6.09 | 9.99 | -18279.99 | |
| 2/20/2007 | 2.64E+09 | Bought 200 | 2000 | CXTI | 6.06 | 9.99 | -12129.99 | |
| 2/21/2007 | 2.64E+09 | Bought 100 | 1000 | CXTI | 5.84 | 9.99 | -5849.99 | |
| 2/21/2007 | 2.64E+09 | Bought 100 | 1000 | CXTI | 5.79 | 9.99 | -5799.99 | |
| 2/21/2007 | 2.64E+09 | Bought 100 | 1000 | CXTI | 5.71 | 9.99 | -5719.99 | |
| 2/21/2007 | 2.64E+09 | Bought 100 | 1000 | CXTI | 5.66 | 9.99 | -5669.99 | |
| 3/30/2007 | 2.69E+09 | Bought 100 | 1000 | CXTI | 4.36 | 9.99 | -4369.99 | |
| 4/5/2007 | 2.71E+09 | Bought 500 | 500 | CXTI | 5.35 | 9.99 | -2684.99 | |
| 5/10/2007 | 2.75E+09 | Bought 100 | 1000 | CXTI | 7.27 | 9.99 | -7279.99 | |
| 7/20/2007 | 2.99E+09 | Sold 1400 | 1400 | CXTI | 6.1 | 9.99 | 8529.87 | 0.14 |
| 7/20/2007 | 2.99E+09 | Sold 2600 | 2600 | CXTI | 6.06 | 0 | 15755.75 | 0.25 |
| 7/20/2007 | 2.99E+09 | Sold 800 C | 800 | CXTI | 6.05 | 9.99 | 4829.93 | 0.08 |
| 7/20/2007 | 2.99E+09 | Bought 150 | 1500 | CXTI | 5.46 | 9.99 | -8199.99 | |
| 7/20/2007 | 2.99E+09 | Sold 1500 | 1500 | CXTI | 5.39 | 9.99 | 8074.88 | 0.13 |
| 7/20/2007 | 2.99E+09 | Sold 970 C | 970 | CXTI | 5.35 | 9.99 | 5179.43 | 0.08 |
| 7/20/2007 | 2.99E+09 | Sold 900 C | 900 | CXTI | 5.355 | 0 | 4819.42 | 0.08 |
| 7/20/2007 | 2.99E+09 | Sold 130 C | 130 | CXTI | 5.36 | 0 | 696.78 | 0.02 |
| 7/20/2007 | 2.99E+09 | Sold 3000 | 3000 | CXTI | 5.39 | 9.99 | 16159.76 | 0.25 |
| 7/20/2007 | 2.99E+09 | Sold 600 C | 600 | CXTI | 5.36 | 9.99 | 3205.96 | 0.05 |
| 7/20/2007 | 2.99E+09 | Sold 900 C | 900 | CXTI | 5.35 | 0 | 4814.92 | 0.08 |
| 7/20/2007 | 2.99E+09 | Sold 1500 | 1500 | CXTI | 5.4 | 9.99 | 8089.88 | 0.13 |
| 7/20/2007 | 2.99E+09 | Sold 750 C | 750 | CXTI | 5.415 | 9.99 | 4051.19 | 0.07 |
| 7/20/2007 | 2.99E+09 | Sold 2950 | 2950 | CXTI | 5.35 | 9.99 | 15772.26 | 0.25 |
| 7/26/2007 | 3E+09 | Bought 200 | 2000 | CXTI | 4.195 | 9.99 | -8399.99 | |
| 7/26/2007 | 3E+09 | Sold 1000 | 1000 | CXTI | 4 | 9.99 | 3989.94 | 0.07 |
| 7/26/2007 | 3E+09 | Sold 1000 | 1000 | CXTI | 4.01 | 0 | 4009.93 | 0.07 |
| 7/27/2007 | 3E+09 | Bought 350 | 3500 | CXTI | 4.35 | 9.99 | -15234.99 | |
| 7/27/2007 | 3E+09 | Bought 150 | 1500 | CXTI | 4.43 | 9.99 | -6654.99 | |
| 7/27/2007 | 3E+09 | Bought 100 | 1000 | CXTI | 4.27 | 9.99 | -4279.99 | |
| 7/27/2007 | 3.01E+09 | Bought 500 | 500 | CXTI | 4.49 | 9.99 | -2254.99 | |
| 7/27/2007 | 3.01E+09 | Bought 150 | 1500 | CXTI | 4.5 | 0 | -6750 | |
| 7/30/2007 | 3.01E+09 | Bought 350 | 3500 | CXTI | 4.58 | 9.99 | -16039.99 | |
| 8/1/2007 | 3.03E+09 | Bought 150 | 1500 | CXTI | 4.24 | 9.99 | -6369.99 | |
| 8/1/2007 | 3.03E+09 | Bought 150 | 1500 | CXTI | 4.17 | 9.99 | -6264.99 | |
| 8/2/2007 | 3.03E+09 | Sold 200 C | 200 | CXTI | 3.925 | 9.99 | 774.99 | 0.02 |
| 8/2/2007 | 3.03E+09 | Sold 2800 | 2800 | CXTI | 3.92 | 0 | 10975.83 | 0.17 |
| 8/2/2007 | 3.03E+09 | Sold 1600 | 1600 | CXTI | 3.92 | 9.99 | 6261.91 | 0.1 |
| 8/2/2007 | 3.03E+09 | Sold 3400 | 3400 | CXTI | 3.91 | 0 | 13293.79 | 0.21 |
| 8/2/2007 | 3.03E+09 | Sold 3000 | 3000 | CXTI | 3.92 | 9.99 | 11749.83 | 0.18 |
| 8/2/2007 | 3.03E+09 | Sold 3000 | 3000 | CXTI | 3.93 | 9.99 | 11779.82 | 0.19 |
| 8/2/2007 | 3.03E+09 | Sold 500 C | 500 | CXTI | 3.96 | 9.99 | 1969.97 | 0.04 |
| 9/5/2007 | 3.11E+09 | Bought 150 | 1500 | CXTIE | 1.6 | 9.99 | -2409.99 | |
| 9/5/2007 | 3.11E+09 | Bought 150 | 1500 | CXTIE | 1.57 | 9.99 | -2364.99 | |
| 9/5/2007 | 3.11E+09 | Bought 500 | 500 | CXTIE | 1.73 | 9.99 | -874.99 | |
| 9/5/2007 | 3.11E+09 | Bought 100 | 1000 | CXTIE | 1.74 | 0 | -1740 | |
| 9/5/2007 | 3.11E+09 | Bought 750 | 750 | CXTIE | 2.01 | 9.99 | -1517.49 | |
| 9/6/2007 | 3.11E+09 | Sold 5250 | 5250 | CXTIE | 1.8 | 9.99 | 9439.86 | 0.15 |
| 9/14/2007 | 3.14E+09 | Bought 500 | 5000 | CXTIE | 0.52 | 9.99 | -2609.99 | |

| 9/14/2007 | 3.14E+09 | Sold 2500 | 2500 CXTIE | 0.51 | 9.99 | 1264.99 | 0.02 |
| 9/14/2007 | 3.14E+09 | Sold 2500 | 2500 CXTIE | 0.5 | 0 | 1249.98 | 0.02 |

***END OF FILE***

Plaintiffs Certification of Investment of
China Expert Technology, Inc. [OTC: CXTI.PK]

I, _Eric Dworkin_____, hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1.    I have reviewed the Complaint in this action and authorize the filing of this Certification.

2.    If chosen, I am willing to serve as a representative party on behalf of the class (the "Class") as defined in the Complaint, including providing testimony at deposition and trial (if necessary). I am willing to participate on an executive committee of shareholders.

3.    Plaintiff's transaction in China Expert Technology, Inc. [OTC: CXTI.PK] security that is the subject of this action is:

| # SHARES PURCHASED | DATE PURCHASED | PRICE PER SHARE | IF SOLD, # OF SHARES SOLD | DATE SOLD (if applicable) | PER SHARE SOLD PRICE |
|---|---|---|---|---|---|
| 840 | 2/26/2007 | $5.78 | | | |
| 975 | 2/21/2007 | $6.17 | | | |
| 500 | 2/26/2007 | $5.80 | | | |
| 500 | 2/21/2007 | $6.12 | | | |
| 650 | 6/7/2007 | $5.84 | | | |

(continue on blank piece of paper, if necessary)

4.    I did not purchase these securities at the direction of my counsel, or in order to participate in a lawsuit under the Securities Exchange Act of 1934.

5.    During the three-year period preceding the date of the Certification, I have not sought to serve, nor have I served, as a representative to any party or on behalf of any class in any action arising under the Securities Exchange Act of 1934.

6.    I will not accept any payment if chosen to serve as a representative party on behalf of the Class beyond my pro rata share of an award to the Class, or as otherwise ordered and approved by the Court.

Signed under penalty of perjury, this ___7___ day of __January___, 2008.

___Eric Dworkin_____          _____
Signature                                 Address

_Eric Dworkin_____            _____
Name    (please print)                    City        State        Zip

_____            _____
Telephone Number                          E-Mail Address

Return to:
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax (405) 239-2112
Email: wfederman@aol.com
Website: www.federmanlaw.com

Plaintiffs Certification of Investment of
China Expert Technology, Inc. [OTC: CXTI.PK]

I, _Ronald B Marchman_ , hereby certify that the following is true and correct
to the best of my knowledge, information and belief:

1.    I have reviewed the Complaint in this action and authorize the filing of this
Certification.

2.    If chosen, I am willing to serve as a representative party on behalf of the class (the
"Class") as defined in the Complaint, including providing testimony at deposition and trial (if
necessary). I am willing to participate on an executive committee of shareholders.

3.    Plaintiff's transaction in China Expert Technology, Inc. [OTC: CXTI.PK] security that
is the subject of this action is:

| # SHARES PURCHASED | DATE PURCHASED | PRICE PER SHARE | IF SOLD, # OF SHARES SOLD | DATE SOLD (if applicable) | PER SHARE SOLD PRICE |
|---|---|---|---|---|---|
| 500 | 5-14-07 | 7.98 | | | |
| 200 | 5-15-07 | 7.17 | | | |
| 300 | 5-16-07 | 6.62 | | | |
| 500 | 7-20-07 | 5.41 | | | |
| 500 | 7-20-07 | 4.87 | | | |

(continue on blank piece of paper, if necessary) _Continued on Next Page_

4.    I did not purchase these securities at the direction of my counsel, or in order to
participate in a lawsuit under the Securities Exchange Act of 1934.

5.    During the three-year period preceding the date of the Certification, I have not
sought to serve, nor have I served, as a representative to any party or on behalf of any class in
any action arising under the Securities Exchange Act of 1934.

6.    I will not accept any payment if chosen to serve as a representative party on behalf
of the Class beyond my pro rata share of an award to the Class, or as otherwise ordered and
approved by the Court.

Signed under penalty of perjury, this _8th_ day of _January_ , ~~2007~~ 2008.

_Ronald B Marchman, CPA_
Signature                                                     Address

_Ronald B Marchman_
Name    (please print)              City              State              Zip

Telephone Number                          E-Mail Address

Return to:
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax (405) 239-2112
Email: wfederman@aol.com
Website: www.federmanlaw.com

Plaintiffs Certification of Investment in
China Expert Technology, Inc. [OTC: CXTI.PK]

I, _____, hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1. I have reviewed the Complaint in this action and authorize the filing of this Certification.

2. If chosen, I am willing to serve as a representative party on behalf of the class (the "Class") as defined in the Complaint, including providing testimony at deposition and trial (if necessary). I am willing to participate on an executive committee of shareholders.

3. Plaintiff's transaction in China Expert Technology, Inc. [OTC: CXTI.PK] security that is the subject of this action is: *Continued from First page*

| # SHARES PURCHASED | DATE PURCHASED | PRICE PER SHARE | IF SOLD, # OF SHARES SOLD | DATE SOLD (if applicable) | PER SHARE SOLD PRICE |
|---|---|---|---|---|---|
| 500 | 7-20-07 | 4.77 | | | |
| 500 | 7-24-07 | 4.30 | | | |
| 500 | 6-7-07 | 5.75 | | | |
| | | | | | |

(continue on blank piece of paper, if necessary)

4. I did not purchase these securities at the direction of my counsel, or in order to participate in a lawsuit under the Securities Exchange Act of 1934.

5. During the three-year period preceding the date of the Certification, I have not sought to serve, nor have I served, as a representative to any party or on behalf of any class in any action arising under the Securities Exchange Act of 1934.

6. I will not accept any payment if chosen to serve as a representative party on behalf of the Class beyond my pro rata share of an award to the Class, or as otherwise ordered and approved by the Court.

Signed under penalty of perjury, this_____ day of _____, 2007.

_____         _____
Signature                                                          Address

_____         _____
Name     (please print)                                    City                State              Zip

_____         _____
Telephone Number                                          E-Mail Address

Return to:
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax (405) 239-2112
Email: wfederman@aol.com
Website: www.federmanlaw.com

Plaintiffs Certification of Investment of
China Expert Technology, Inc. [OTC: CXTI.PK]

I, _Lori Samuels_____, hereby certify that the following is true and correct to the best of my knowledge, information and belief:

1. I have reviewed the Complaint in this action and authorize the filing of this Certification.

2. If chosen, I am willing to serve as a representative party on behalf of the class (the "Class") as defined in the Complaint, including providing testimony at deposition and trial (if necessary). I am willing to participate on an executive committee of shareholders.

3. Plaintiff's transaction in China Expert Technology, Inc. [OTC: CXTI.PK] security that is the subject of this action is:

| # SHARES PURCHASED | DATE PURCHASED | PRICE PER SHARE | IF SOLD: # OR SHARES SOLD | DATE SOLD (if applicable) | PER SHARE SOLD PRICE |
|---|---|---|---|---|---|
| 3000 | 7/30/07 | 4.42 | | | |
| 2500 | 8/13/07 | 2.842 | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(continue on blank piece of paper, if necessary)

4. I did not purchase these securities at the direction of my counsel, or in order to participate in a lawsuit under the Securities Exchange Act of 1934.

5. During the three-year period preceding the date of the Certification, I have not sought to serve, nor have I served, as a representative to any party or on behalf of any class in any action arising under the Securities Exchange Act of 1934.

6. I will not accept any payment if chosen to serve as a representative party on behalf of the Class beyond my pro rata share of an award to the Class, or as otherwise ordered and approved by the Court.

Signed under penalty of perjury, this _2_ day of _January_, 200_8_.

| _Lori Samuels_ | |
|---|---|
| Signature | Address |

| _Lori Samuels_ | | | |
|---|---|---|---|
| Name    (please print) | City | State | Zip |

| | |
|---|---|
| Telephone Number | E-Mail Address |

Return to:
William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
(405) 235-1560/Fax (405) 239-2112
Email: wfederman@aol.com
Website: www.federmanlaw.com

# EXHIBIT 1(B)

## Kent Klineman (UVE Partners, LLC) China Expert Technology, Inc. PSLRA Loss Analysis

### PURCHASES

| Date | Share Price | Shares | Amount |
|---|---|---|---|
| 3/5/2007 | 4.35 | 2000 | $8,700.00 |
| 3/15/2007 | 4.95 | 3000 | $14,850.00 |
| 3/20/2007 | 4.85 | 2000 | $9,700.00 |
| 3/29/2007 | 4.775 | 6000 | $28,650.00 |
| 3/30/2007 | 4.4 | 3000 | $13,200.00 |
| 5/22/2007 | 6.25 | 500 | $3,125.00 |
| 7/20/2007 | 4.95 | 2000 | $9,900.00 |
| 7/25/2007 | 3.9 | 3000 | $11,700.00 |
| **Net Shares** | | **21500** | **$99,825.00** |

### SALES

| Date | Shares | Share Price | Amount |
|---|---|---|---|
| 11/2/2007 | 2500 | $0.20 | $500.00 |
| 11/9/2007 | 19000 | $0.15 | $2,850.00 |
| | 21500 | | $3,350.00 |
| Mean Price - 10/1/2007 - 11/2/2007  .35 | | | |
| 2500 shares @ .35 = | | | $875.00 |
| Mean Price - 10/1/2007 - 11/9/2007  .32 | | | |
| 19000 shares @ .32 | | | $6,080.00 |
| | | | $6,955.00 |

$6,955.00

UVE Partners, LLC sold shares after the end of the class period but before the end of the 90-day period. The greater of the actual sale price or the mean trading price from the end of the class period to through the date of sale is used. In this instance, the mean trading price rather than the actual sale price is used.

**Net Loss**    $92,870.00

**Allen Goldschmidt's China Expert Technology, Inc. PSLRA Loss Analysis**

## PURCHASES

| Date | Share Price | Shares | Amount |
|---|---|---|---|
| 2/14/2007 | 5.4 | 5000 | $27,000.00 |
| 2/14/2007 | 5.32 | 3000 | $15,960.00 |
| 2/14/2007 | 5.24 | 1700 | $8,908.00 |
| 2/14/2007 | 5.15 | 1300 | $6,695.00 |
| 2/14/2007 | 5.2 | 1000 | $5,200.00 |
| 2/14/2007 | 5.35 | 1000 | $5,350.00 |
| 2/15/2007 | 5.34 | 2500 | $13,350.00 |
| 2/15/2007 | 5.3 | 900 | $4,770.00 |
| 2/15/2007 | 5.39 | 1500 | $8,085.00 |
| 2/15/2007 | 5.35 | 970 | $5,189.50 |
| 2/15/2007 | 5.355 | 900 | $4,819.50 |
| 2/16/2007 | 5.4 | 1400 | $7,560.00 |
| 2/16/2007 | 5.45 | 3000 | $16,350.00 |
| 2/16/2007 | 5.31 | 3000 | $15,930.00 |
| 2/16/2007 | 5.41 | 1000 | $5,410.00 |
| 2/20/2007 | 6.11 | 200 | $1,222.00 |
| 2/20/2007 | 6.15 | 3800 | $23,370.00 |
| 2/20/2007 | 6.15 | 1000 | $6,150.00 |
| 2/20/2007 | 6.09 | 3000 | $18,270.00 |
| 2/20/2007 | 6.06 | 2000 | $12,120.00 |
| 2/20/2007 | 5.84 | 1000 | $5,840.00 |
| 2/21/2007 | 5.79 | 1000 | $5,790.00 |
| 2/21/2007 | 5.71 | 1000 | $5,710.00 |
| 2/21/2007 | 5.66 | 1000 | $5,660.00 |
| 2/21/2007 | 5.91 | 1000 | $5,910.00 |
| 2/21/2007 | 5.94 | 1000 | $5,940.00 |
| 2/21/2007 | 5.94 | 1000 | $5,940.00 |
| 2/21/2007 | 5.98 | 1000 | $5,980.00 |
| 2/23/2007 | 6.01 | 1000 | $6,010.00 |
| 2/27/2007 | 6 | 1200 | $7,200.00 |
| 2/27/2007 | 5.02 | 1000 | $5,020.00 |
| 2/27/2007 | 5.05 | 1000 | $5,050.00 |
| 2/27/2007 | 4.98 | 1000 | $4,980.00 |
| 2/28/2007 | 4.95 | 1000 | $4,950.00 |

## SALES

| Date | Shares | Share Price | Amount |
|---|---|---|---|
| 5/17/2007 | 1025 | $6.72 | $6,888.00 |
| 7/20/2007 | 4000 | 5.1 | $20,400.00 |
| 7/20/2007 | 3500 | 5.2 | $18,200.00 |
| 7/20/2007 | 1400 | 6.1 | $8,540.00 |
| 7/20/2007 | 2600 | 6.06 | $15,756.00 |
| 7/20/2007 | 800 | 6.05 | $4,840.00 |
| 7/20/2007 | 1500 | 5.39 | $8,085.00 |
| 7/20/2007 | 970 | 5.35 | $5,189.50 |
| 7/20/2007 | 900 | 5.355 | $4,819.50 |
| 7/20/2007 | 3000 | 5.39 | $16,170.00 |
| 7/20/2007 | 600 | 5.36 | $3,216.00 |
| 7/20/2007 | 130 | 5.36 | $696.80 |
| 7/20/2007 | 900 | 5.35 | $4,815.00 |
| 7/20/2007 | 1500 | 5.4 | $8,100.00 |
| 7/20/2007 | 750 | 5.415 | $4,061.25 |
| 7/20/2007 | 2950 | 5.35 | $15,782.50 |
| 7/23/2007 | 3500 | 4.8 | $16,800.00 |
| 7/23/2007 | 3500 | 4.75 | $16,625.00 |
| 7/23/2007 | 3000 | 4.56 | $13,680.00 |
| 7/23/2007 | 3500 | 4.75 | $16,625.00 |
| 7/23/2007 | 2500 | 4.8 | $12,000.00 |
| 7/24/2007 | 2000 | 4.69 | $9,380.00 |
| 7/24/2007 | 10000 | 4.09 | $40,900.00 |
| 7/24/2007 | 5000 | 4.01 | $20,050.00 |
| 7/24/2007 | 1500 | 4.01 | $6,015.00 |
| 7/24/2007 | 1000 | 4.00 | $4,000.00 |
| 7/24/2007 | 500 | 4.06 | $2,030.00 |
| 7/24/2007 | 500 | 4.23 | $2,115.00 |
| 7/24/2007 | 2225 | 4.32 | $9,612.00 |
| 7/26/2007 | 1000 | 4.00 | $4,000.00 |
| 7/26/2007 | 1000 | 4.01 | $4,010.00 |
| 8/2/2007 | 200 | 3.93 | $786.00 |

## Purchases

| Date | Price | Shares | Amount |
|---|---|---|---|
| 3/15/2007 | 5.25 | 1500 | $7,875.00 |
| 3/30/2007 | 4.36 | 1000 | $4,360.00 |
| 4/5/2007 | 5.35 | 500 | $2,675.00 |
| 4/19/2007 | 6.43 | 2500 | $16,075.00 |
| 4/25/2007 | 7.26 | 1000 | $7,260.00 |
| 5/10/2007 | 7.27 | 1000 | $7,270.00 |
| 5/23/2007 | 6.45 | 1000 | $6,450.00 |
| 5/23/2007 | 6.45 | 750 | $4,837.50 |
| 6/29/2007 | 6.45 | 750 | $4,837.50 |
| 7/5/2007 | 7.05 | 1000 | $7,050.00 |
| 7/20/2007 | 7.05 | 1000 | $7,050.00 |
| 7/26/2007 | 5.46 | 1500 | $8,190.00 |
| 7/27/2007 | 4.195 | 2000 | $8,390.00 |
| 7/27/2007 | 4.5 | 5000 | $22,500.00 |
| 7/27/2007 | 4.35 | 3500 | $15,225.00 |
| 7/27/2007 | 4.43 | 1500 | $6,645.00 |
| 7/27/2007 | 4.27 | 1000 | $4,270.00 |
| 7/30/2007 | 4.49 | 500 | $2,245.00 |
| 7/30/2007 | 4.5 | 1500 | $6,750.00 |
| 8/1/2007 | 4.69 | 3500 | $16,415.00 |
| 8/1/2007 | 4.58 | 3500 | $16,030.00 |
| 9/5/2007 | 4.24 | 1500 | $6,360.00 |
| 9/5/2007 | 4.17 | 1500 | $6,255.00 |
| 9/5/2007 | 1.6 | 1500 | $2,400.00 |
| 9/5/2007 | 1.57 | 1500 | $2,355.00 |
| 9/5/2007 | 1.73 | 500 | $865.00 |
| 9/5/2007 | 1.74 | 1000 | $1,740.00 |
| 9/14/2007 | 2.01 | 750 | $1,507.50 |
| 9/24/2007 | 0.52 | 5000 | $2,600.00 |
| 9/24/2007 | 0.32 | 4000 | $1,280.00 |
| 9/24/2007 | 0.33 | 4000 | $1,320.00 |

| | Total Shares | Total Amount | |
|---|---|---|---|
| | 105000 | $477,840.00 | |

## Sales

| Date | Total Shares | | Total Amount |
|---|---|---|---|
| 8/2/2007 | 2800 | $3.92 | $10,976.00 |
| 8/2/2007 | 1600 | $3.92 | $6,272.00 |
| 8/2/2007 | 3400 | $3.91 | $13,294.00 |
| 8/2/2007 | 3000 | $3.92 | $11,760.00 |
| 8/2/2007 | 3000 | $3.93 | $11,790.00 |
| 8/2/2007 | 500 | $3.96 | $1,980.00 |
| 8/3/2007 | 3500 | $3.94 | $13,790.00 |
| 8/6/2007 | 2500 | $3.86 | $9,650.00 |
| 8/6/2007 | 2500 | $3.86 | $9,650.00 |
| 9/6/2007 | 2500 | $3.86 | $9,650.00 |
| 9/6/2007 | 5250 | $1.80 | $9,450.00 |
| 9/14/2007 | 2500 | $0.51 | $1,275.00 |
| 9/14/2007 | 2500 | $0.50 | $1,250.00 |
| 9/25/2007 | 8000 | $0.33 | $2,640.00 |

| | Total Shares | Total Amount | |
|---|---|---|---|
| | 105000 | $411,339.55 | |

| Net Loss | $66,500.45 |
|---|---|

Eric Dworkin's China Expert Technology, Inc. PSLRA Loss Analysis

### PURCHASES

| Date | Share Price | Shares | Amount |
|------|------------|--------|--------|
| 2/21/2007 | 6.12 | 975 | 5967 |
| 2/21/2007 | 6.12 | 500 | 3060 |
| 2/26/2007 | 5.78 | 840 | 4855.2 |
| 2/26/2007 | 5.8 | 500 | 2900 |
| 6/7/2007 | 5.84 | 650 | 3796 |
| Total Shares Purchased | | 3465 Total Amount Expended | $20,578.20 |
| | | 3465 0.198379* | $687.38* |
| | | **Net Loss** | $19,890.82 |

* Valued at the mean closing price of China Expert Technology, Inc. common stock for the period October 1, 2007 to December 30, 2007.  See, 15 U.S.C. § 78u-4(e)(2)

**Ronald B. Marchman's China Expert Technology PSLRA Loss Analysis.**

### PURCHASES

| Date | Share Price | Shares | | Amount |
|------|-------------|--------|---|--------|
| 5/14/2007 | 7.98 | 500 | | 3990 |
| 5/15/2007 | 7.17 | 200 | | 1434 |
| 5/16/2007 | 6.62 | 300 | | 1986 |
| 6/7/2007 | 5.75 | 500 | | 2875 |
| 7/20/2007 | 5.41 | 500 | | 2705 |
| 7/20/2007 | 4.87 | 500 | | 2435 |
| 7/20/2007 | 4.77 | 500 | | $2,385.00 |
| 7/24/2007 | 4.3 | 500 | | 2150 |
| | Total Shares Purchased | 3500 | Total Amount Purchased | $19,960.00 |

|  |  | 3500 | 0.198379* | 694.33 |
|--|--|------|-----------|--------|
|  |  |  | Net Loss | 19,268.67 |

* Valued at the mean closing price of China Expert Technology, Inc. common stock for the period October 1, 2007 to December 30, 2007.  See, 15 U.S.C. § 78u-4(e)(2)

**Lori Samuels' China Expert Technology, Inc. PSLRA Loss Analysis**

### PURCHASES

| Date | Share Price | Shares | | Amount |
|------|-------------|--------|---|--------|
| 7/30/3007 | 4.42 | 3000 | | 13260 |
| 8/13/2007 | 2.42 | 2500 | | 6050 |

| | | Total Shares Purchased | 5500 | Total Amount Purchased | $19,310.00 |
|---|---|---|---|---|---|
| | | | 5500 | 0.198379* | 1091.08 |
| | | | | Net Loss | 18,218.92 |

\* Valued at the mean closing price of China Expert Technology, Inc. common stock for the period October 1, 2007 to December 30, 2007.  See, 15 U.S.C. § 78u-4(e)(2)

# EXHIBIT 1(C)



Yahoo!  My Yahoo!  Mail    Make Y! your home page          Search: [                    ]   **Web Search**

**YAHOO!** FINANCE   **Sign In**      Finance Home - Help                    marketwire
                     New User? Sign Up

**Welcome [Sign In]**                        To track stocks & more, Register

**Financial News**

                Enter symbol(s)          | Basic        | Get | Symbol Lookup

**Press Release**                                    Source: Rosen Law Firm P.A.

# The Rosen Law Firm Files Securities Class Action Charging China Expert Technology, Inc. With Violations of the Federal Securities Laws -- CXTI.PK Formerly CXTI.OB

Wednesday November 21, 8:31 pm ET

NEW YORK, NY--(MARKET WIRE)--Nov 21, 2007 -- The Rosen Law Firm announced today that it has filed a class action lawsuit on behalf of all purchasers of China Expert Technology, Inc. ("CXTI" or the "Company") (Other OTC:CXTI.PK - News) (formerly OTCBB: CXTI) stock from November 14, 2006 through October 1, 2007, inclusive (the "Class Period").

To join the CXTI class action, go to the website at http://www.rosenlegal.com or call Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com for information on the class action.

NO CLASS HAS YET BEEN CERTIFIED IN THE ABOVE ACTION. UNTIL A CLASS IS CERTIFIED, YOU ARE NOT REPRESENTED BY COUNSEL UNLESS YOU RETAIN ONE. YOU MAY ALSO REMAIN AN ABSENT CLASS MEMBER.

The case is pending in the United States District Court for the Southern District of New York as case no. 07-cv-10531. You can obtain a copy of the complaint from the clerk of court or you may contact counsel for plaintiffs Laurence Rosen, Esq. or Phillip Kim, Esq. toll-free at 866-767-3653 or email lrosen@rosenlegal.com or pkim@rosenlegal.com.

The complaint charges CXTI and certain of its present and former officers and directors with violations of Sections 10 (a) and 20(a) of the Securities Exchange Act of 1934. According to the complaint, during the Class Period the Company issued materially false and misleading statements pertaining to its financial results, condition, and business prospects.

The complaint asserts that on July 19, 2007 the Company's CFO suddenly resigned. Thereafter, on August 14, 2007 CXTI announced that it had obtained a five-day extension with the SEC to file its quarterly report on Form 10-Q. During this period of time, numerous articles were published by media outlets calling into question the veracity CXTI's disclosures. On October 1st, following the resignation of the Company's auditor, the SEC temporarily halted trading of CXTI's stock. As a result of these adverse disclosures, investors were damaged.

A class action lawsuit has already been filed on behalf of CXTI shareholders. If you wish to serve as lead plaintiff, you must move the Court no later than January 21, 2008. If you wish to join the litigation or to discuss your rights or interests regarding this class action, please contact plaintiff's counsel, Laurence Rosen, Esq. or Phillip Kim, Esq. of The Rosen Law Firm toll free at 866-767-3653 or via e-mail at lrosen@rosenlegal.com or pkim@rosenlegal.com.

The Rosen Law Firm has expertise in prosecuting investor securities litigation and extensive experience in actions involving financial fraud. The Rosen Law Firm represents investors throughout the nation, concentrating its practice in securities class actions.

*Contact:*

```
Contact:
Laurence Rosen, Esq.
Phillip Kim, Esq.
The Rosen Law Firm P.A.
Tel:  (212) 686-1060
Weekends Tel: (917) 797-4425
Toll Free: 1-866--767-3653
Fax: (212) 202-3827
Email Contact
Email Contact
http://www.rosenlegal.com
```

Source: Rosen Law Firm P.A.

Copyright © 2008 Yahoo! Inc. All rights reserved. Privacy Policy - Terms of Service - Copyright Policy - Send Feedback
Copyright © 2008 Marketwire. All rights reserved. All the news releases provided by Marketwire are copyrighted. Any forms of copying other than an individual user's personal reference without express written permission is prohibited. Further distribution of these materials is strictly forbidden, including but not limited to, posting, emailing, faxing, archiving in a public database, redistributing via a computer network or in a printed form.

# EXHIBIT 1(D)

# FEDERMAN & SHERWOOD
### (AN ASSOCIATION OF ATTORNEYS AND PROFESSIONAL CORPORATIONS)

2926 MAPLE AVENUE
SUITE 200
DALLAS, TEXAS 75201
214-696-1100
FACSIMILE: 214-740-0112

10205 N. PENNSYLVANIA AVENUE
OKLAHOMA CITY, OKLAHOMA 73120
405-235-1560
FACSIMILE: 405-239-2112

## FIRM RESUME

**WILLIAM B. FEDERMAN.** Born New York, New York, January 31, 1958; Admitted to practice: 1982, Oklahoma and U.S. District Court for the Western District of Oklahoma; 1983, District of Columbia, U.S. District Court for the Northern District of Oklahoma and U.S. Court of Appeals, Tenth Circuit; 1988, New York, U.S. District Court for the Eastern and Western Districts of Arkansas; 1990, U.S. District Court for the Southern Districts of New York; 1995, Texas; 1996, U.S. District Court for the Eastern District of Oklahoma; 1998, U.S. District Court for the Southern District of Texas; 1999, U.S. District Court for the Northern District of Texas, U.S. Court of Appeals, Federal Circuit; 2002, U.S. District Court of Colorado, U.S. District Court for the Eastern District of Texas; 2003, U.S. Court of Appeals, Second and Fourth Circuits, U.S. District Court for the Eastern District of New York; 2004, U.S. Court of Appeals, Fifth Circuit; 2005, United States Supreme Court, U.S. District Court for the Western District of Texas; 2006, U. S. Court of Appeals, First and Eleventh Circuits; U.S. District Court for the Northern District of Ohio; 2007, U.S. Court of Appeals, Third Circuit. Education: Boston University (B.A., cum laude, 1979); University of Tulsa (J.D., 1982). Phi Alpha Delta (Treasurer, 1980-1982). Publications: Author/Lecturer: "Litigation and Employment Law Update," Seminar presented by the Securities Industry Association, Compliance and Legal Division; "Derivative Actions and Protecting the Corporation; Critical Issues in Today's Banking," Seminar presented by the Oklahoma Bar Association and the Oklahoma Bankers Association; "Arbitration - What Is It?  Why Should a Lawyer Suggest or Use It?," Seminar presented by the Oklahoma Bar Association; "The Attorney and Accountant as Targets in Failed Financial Institution Litigation," American Bar Association - Trial Practice Committee Mid-Year Meeting; "Effective Arbitration in the 1990's, Adapting to Build a Successful Practice," Seminar presented by the Oklahoma County Bar Association; "Current Issues in Direct Investments and Limited Partnerships: The Litigation Scene From All Perspectives," American Bar Association, Litigation Section Annual Meeting; "Stockbroker Litigation and Arbitration," Securities Arbitration Institute. Author: "Who's Minding the Store: The Corporate Attorney-Client Privilege," 52 O.B.J. 1244, 1981; "Potential Liability From Indirect Remuneration in Private Oil and Gas Offerings," 11 Sec. Reg. L.J. 135, 1983; "Capitalism and Reality Meet in the Courts. . .Finally," 59 O.B.J. 3537, 1987. Member: Arbitration Panel, New York Stock Exchange, 1985; Oklahoma County Bar Association (Member, Committee on Professionalism, 1987-1990); Oklahoma, Texas, New York and American Bar Association (Committee on Securities Litigation and Corporate Counsel); The District of Columbia Bar; American Inns of Court (Barrister and Master, 1990-1993, 2002-2004); inducted into the Outstanding Lawyers of America, 2003.

FEDERMAN & SHERWOOD
Page 2

**JOHN CHARLES SHERWOOD.** Born December 18, 1958, Dallas, Texas. Education: Texas Christian University, (BBA, magna cum laude, 1981); Baylor School of Law (J.D., 1984). Areas of Practice: Litigation. Board Certified: Civil Trial Law, Personal Injury Trial Law, Texas Board of Legal Specialization. Organizations: Texas Trial Lawyers, Association of Trial Lawyers of America, Dallas Trial Lawyers Association, Dallas Bar Association, Former Chairperson of the Solo and Small Firm Section of the Dallas Bar Association (1999), Member of the College of the State Bar of Texas, and founding President of Citizens For a Fair Judiciary (Political Action Committee). Licenses and Courts of Practices: Member of the State Bar of Texas, National Board of Trial Advocacy, Licensed as a Certified Public Accountant by the Texas State Board of Public Accountancy, admitted to practice before the United States Tax Court, United States District Court, Northern District of Texas, United States Fifth Circuit Court of Appeals, and the United States Supreme Court. Papers Presented: *Other People's Money*, Presented to the Dallas Bar Association, Solo and Small Firm Section, 1996 and 1998.

**STUART W. EMMONS.** Born Stillwater, Oklahoma, August 9, 1961. Education: University of Oklahoma (J.D., 1987, with distinction); University of Oklahoma (B.B.A., Accounting, 1984, with distinction). Admitted to practice: 1987, Oklahoma; 1987, U.S. District Court for the Western District of Oklahoma; 1990, U.S. District Court for the Northern District of Oklahoma; 1992, U.S. Court of Appeals, Tenth Circuit; 1994, U.S. Court of Appeals, Eighth Circuit; U.S. Patent and Trademark Office; 2002, U.S. District Court for the District of Colorado; U.S. District Court for the Southern District of Texas; 2003, U.S. Court of Appeals, Second Circuit, U.S. Court of Appeals, Fourth Circuit; 2004, U.S. District Court for the Northern District of Texas; U.S. Court of Appeals, Fifth Circuit; 2005, United States Supreme Court. Member: Oklahoma County and Oklahoma Bar Associations; 1988-1989, Law Clerk to the Hon. Layn R. Phillips, U.S. District Court for the Western District of Oklahoma.

**LINDA H. MCGUIRE.** Born Wichita, Kansas. Education: University of Oklahoma (B.A. with High Honors in Letters,1987) (Golden Key National Honor Society); University of Oklahoma College of Law (J.D. 1990) (Phi Delta Phi); Member: Oklahoma Criminal Uniform Jury Instruction Committee; Oklahoma Bar Association Bench and Bar Committee; Subcommittee of the Oklahoma Bar Association Bench and Bar Committee; Admitted to practice: 1990, Oklahoma, U.S. District Court for the Western District of Oklahoma; 2007, U.S. District Court for the Eastern District of Oklahoma, U.S. Court of Appeals for the Eighth Circuit; 1996-2006, Law Clerk to the Honorable Charles Johnson, Oklahoma Court of Criminal Appeals.

**BRIAN L. BRANDERT.** Born Des Moines, Iowa, August 6, 1966. Education: University of Central Oklahoma (B.A. 1989) (Pai Chi Psychology Honor Society, Phi Theta Kappa Honor Society, Dean's Honor Roll); University of Miami (M.A. 2004) (Tri-Beta Biological Honor Society); Oklahoma City University School of Law (J.D. 1993). Publication: *The Effect of Launch Debris from the Kennedy Space Center on the Surrounding Florida Coastal Environment*, Marine Lib. Stacks, MAF Report 2004 B73e, 2004. Admitted to practice: 1993, Texas; 1995, U. S. District Court for the Western District of Texas; 2005, U.S. District Court for the Northern District of Texas; 2006, U.S. District Court for the Western District of Oklahoma; 2007, Oklahoma.

FEDERMAN & SHERWOOD
Page 3

**ALLISON B. WATERS.** Born Lufkin, Texas. Education: Texas A & M University (B.S.1990) (Phi Delta Phi); South Texas College of Law (J.D. 1995) (Assistant Editor, South Texas Law Review, 1994-1995); Publication: City Planners Must Bear the Burden of Rough Proportionality in Exactions and Land Use Regulation, Dolan v. City of Tigard, 114 S. Ct. 2309 (1994), S. Tex. L. Rev. 267, 1996; Admitted to practice: 1995, Texas; 2001, U.S. District Court for the Southern District of Texas; 2005, Fifth Circuit Court of Appeals.

**JENNIFER F. SHERRILL.** Born Fort Smith, Arkansas. Education: Hendrix College (B.A. 1995); University of Arkansas, Plant Pathology (M.S. 1998); University of Tulsa, College of Law (J.D. 2002, Highest Honors) (Order of the Curule Chair and Outstanding Law Student Award). Admitted to practice: 2003, Oklahoma and U.S. District Court for the Northern District of Oklahoma; 2003, U.S. District Courts for the Northern, Eastern and Southern Districts of Texas. Member: Oklahoma Bar Association. Publication: An Inter- and Intra-Species Variation in Colletotrichum and Mechanisms Which Affect Population Structure, in Collectotrichum: Host Specificity, Pathology, and Host-Pathogen Interaction. Languages: German.

**SARA E. COLLIER.** Born Hampton, Virginia. Education: Oklahoma Christian University (B.S. 2000); Oklahoma City University School of Law (J.D. 2004). Admitted to practice: 2005, Oklahoma; 2006, U.S. District Courts for the Western, Eastern and Northern Districts of Oklahoma; 2007, U.S. District Court for the Southern District of Texas. Member: Oklahoma Bar Association, American Bar Association, American Trial Lawyers' Association. Languages: French.

**NICHOLAS G. FARHA.** Born Oklahoma City, Oklahoma, September 4, 1979. Education: University of Antwerpen, Antwerpen, Belgium, International Exchange Program (2001); University of Oklahoma (B.A., cum laude, 2002) (Dean's Honor Roll, National Society of Collegiate Scholars, Golden Key National Honor Society); University of Palermo, Buenos Aires, Argentina, International Summer Law Institute, 2004; Oklahoma City University School of Law (J.D. 2006) (Editor of Law Review, Merit Scholarship Recipient, Law Review Outstanding Service Award, Kerr-McGee Corporation Scholar; Dean's List, Phi Delta Phi International Legal Fraternity, Moot Court Competition). Admitted to Practice, 2006, Oklahoma, U.S. District Court for the Western District of Oklahoma; Languages: German.

**EMILY J. SEIKEL.** Born Oklahoma City, Oklahoma. Education: University of Pennsylvania (B.A. cum laude, 2002); University of Texas School of Law (J.D. 2006); Benjamin Franklin Scholar 1998-2002; Staff Editor, Texas Review of Entertainment and Sports Law 2004-2005; Development Chair, Board of Directors, Texas Law Fellowships 2003-2005; Treasurer and Fundraiser, Public Interest Lawyers Association 2003-2004. Member, Oklahoma Bar Association. Admitted to Practice: 2007, Oklahoma, U.S. District Court for the Western District of Oklahoma.

OF COUNSEL:

**RODNEY J. HEGGY.** Born St. Louis, Illinois, August 26, 1955; Education: Southeastern Oklahoma State University (1977); University of Louisiana (M.S., 1978); University of Houston (J.D., 1981). Professional Affiliations: Arbitrator/Neutral: American Arbitration Association, NYSE, Inc., and NASD Dispute Resolution, Inc. Affiliations: State Bar of

**FEDERMAN & SHERWOOD**
**Page 4**

Texas, 1981, Oklahoma Bar Association, 1982. Courts: United States District Courts for the Western, 1982, Eastern, 1996, and Northern Districts of Oklahoma, 1987, Northern and Southern Districts of Texas, 2002, United States Courts of Appeals for the Eighth, 1994, and Tenth, 1984, Circuits. Member: International Association of Defense Counsel, Defense Research Institute, Oklahoma Association of Defense Counsel. Public Office: Banner Public Schools, Board of Education, I-31, 2000 - , President, 2002 – . Publications: *"The Trial Lawyers Purgatory; the Document Depository in Complex Litigation"* (BRS, 1990); *"Oklahoma Toxic Torts Law: Elements, Standards for Evaluating Proof, and Suggestions for Practitioners"* (NBI, 1992); *"Environmental Law for Business and Lenders: Litigation Prevention and Avoidance, Insurance Coverage and Standards for Evaluation of Proof"* (Oklahoma City University, 1992); *"Using, Drafting and Enforcing Arbitration Clauses"* (Oklahoma Bar Association, 1992); *Ethical Considerations in Insurance Coverage Claims, Insurance Coverage Law in Oklahoma* (NBI 1997); *Extra-Contractual Insurance Claims Liability-Bad Faith-Part II, Insurance Coverage Law in Oklahoma* (NBI 1997); *Employee Misconduct and Workplace Torts* (SES 2003); *Mandatory Arbitration of Employment Law Claims* (SES 2003).

**ANN H. WASHBURN.** Born Arkansas City, Kansas, September 12, 1955. Ms. Washburn received a B.A. degree from the University of Texas (1984) and her J.D. from Southern Methodist University (1988). She is a member of the Texas and New Mexico Bar Associations; Dallas Trial Lawyers Association; 1990, U. S. District Court, Northern District Texas; 1991, U.S. District Court, Western District Texas; 1994, U.S. Court of Appeals, Fifth Circuit; 1996, U.S. Court of Appeals, Tenth Circuit and U. S. Supreme Court.

**PARALEGALS:**

**NANCY G. BEATTY.** Ms. Beatty has over twenty (20) years of legal experience. She primarily works on coordinating and administrating of class action product liability and other complex litigation. Ms. Beatty has served on several professional advisory boards in Oklahoma and Tennessee.

**BRENDA D. RADFORD.** Ms. Radford has been a litigation paralegal for approximately 14 years. She has worked on several high profile cases in Washington, DC, and was the sole paralegal in a wrongful death case which resulted in a $98 million dollar jury verdict. Ms. Radford has a wide range of litigation experience in the area of wrongful death, having worked the synthetic stucco cases against Toll Brothers in Virginia and a $240 million dollar fraudulent oil contracts case against Deutsche Bank.

**TERRY A. HULL.** Mr. Hull provides in-depth expertise in online research and data development. Mr. Hull had been the Managing Editor of a daily newspaper with circulation of over 28,000. He holds both a Bachelor of Arts and a Master of Arts degree.

**K. LYNN NUNN.** Ms. Nunn has worked in the legal field in Oklahoma City since 1983, following her work in the securities and insurance industry, where she held several licenses. Ms. Nunn primarily works on securities and class action litigation, as well as providing technology support for the firm.

**FEDERMAN & SHERWOOD**
Page 5

**SHARON J. KING.** Ms. King has worked in the legal community for over five (5) years, after having worked in the securities and insurance industry for over ten (10) years. She primarily works on insurance bad faith, personal injury, wrongful death and civil litigation.

**DIANNA J. BLEA.** Ms. Blea received legal certification from City College, in Norman, Oklahoma in 1993. Since that time, she has worked continuously in the legal field, with an emphasis in commercial litigation. Her primary focus is assisting with a variety of civil litigation cases.

**A. BROOKE MURPHY.** Ms. Murphy graduated Summa Cum Laude from Oklahoma City University, where she received her Bachelor of Arts degree. She was awarded the Robert L. Jones Outstanding Senior Paper Award and the Women's Leadership Award from the School of Religion. Ms. Murphy served on various university organizations and was recognized in the National Dean's List and in Who's Who in American Colleges and Universities. Ms. Murphy works in litigation and trial support.

**FRAN V. SHOALS.** Ms. Shoals has worked in the legal community for over fifteen (15) years. Her primary focus is on securities and civil litigation.

**ROBIN K. HESTER.** Ms. Hester has been a litigation legal assistant for over 20 years. For the past five years, Ms. Hester was a litigation case manager handling over 150 securities and civil litigation cases and managing 5 legal assistants. She primarily works in securities and civil litigation.

## SELECT CASES WHERE FEDERMAN & SHERWOOD
## HAVE SERVED OR ARE SERVING AS LEAD OR CO-LEAD COUNSEL

| 1. | **DERIVATIVE** | **COURT** |
|---|---|---|
| | Abercrombie & Fitch Company | USDC Southern District of Ohio |
| | Alloy, Inc. | USDC Southern District of New York |
| | Americredit Corporation | USDC Northern District of Texas |
| | AmeriVision Communications Inc. | District Court of Oklahoma County, Oklahoma |
| | Asconi Corporation | USDC Middle District of Florida |
| | Astea International, Inc. | USDC Eastern District of Pennsylvania |
| | Barnes & Noble, Inc. | USDC Southern District of New York |
| | Brocade Communications Systems, Inc. | USDC Northern District of California |
| | Carreker Corp. | USDC Northern District of Texas |
| | Carrier Access Corporation | USDC District of Colorado |
| | Catalina Marketing Corporation | Chancery Court - Delaware |
| | Computer Associates | USDC Eastern District of New York |
| | Diebold, Inc. | USDC Northern District of Ohio |
| | Doral Financial Corporation | USDC Southern District of New York |
| | First BanCorp. | USDC District of Puerto Rico |
| | Host America Corporation | USDC District of Connecticut |
| | Mills Corporation | USDC Eastern District of Virginia |
| | Motive, Inc. | USDC Western District of Texas |
| | Nyfix, Inc. | USDC District of Connecticut |
| | OCA, Inc. | USDC Eastern District of Louisiana |
| | ONEOK, Inc. | District Court of Tulsa County, Oklahoma |
| | PainCare Holdings, Inc. | USDC Middle District of Florida |
| | Seitel, Inc. | USDC Southern District of Texas |
| | Xethanol Corporation | USDC Southern District of New York |
| | Zix Corporation | USDC Northern District of Texas |

| 2. | **SECURITIES** | |
|---|---|---|
| | ATEC Group, Inc. | USDC Eastern District of New York |
| | Bodisen Biotech, Inc. | USDC Southern District of New York |
| | Commercial Consolidators Corp. | USDC Southern District of Florida |
| | Cryo-Cell International, Inc. | USDC Middle District of Florida |
| | Image Innovations Holdings, Inc. | USDC Southern District of New York |
| | Nesco, Inc. | USDC Northern District of Oklahoma |
| | NVE Corporation | USDC District of Minnesota |
| | Par Pharmaceutical, Inc. | USDC District of New Jersey |
| | SAC Capital Mgmt./Biovall Corporation | USDC District of New Jersey |
| | Secure Computing Corporation | USDC Northern District of California |
| | St. Jude Medical, Inc. | USDC District of Minnesota |
| | Superconductor Technologies, Inc. | USDC Central District of California |
| | Thoratec Corporation | USDC Northern District of California |
| | Trico Marine Services, Inc. | USDC Eastern District of Louisiana |
| | Unistar Financial Service Corp. | USDC Northern District of Texas |

| 3. | **MDL PROCEEDINGS** | |
|---|---|---|
| | In re: Farmers Insurance Co. | USDC Western District of Oklahoma (Judicial Panel on MDL) |

| 4. | **ERISA** | |
|---|---|---|
| | Winn-Dixie Stores | USDC Middle District of Florida |

h:\FIRM\Resume\Federman\Sherwood\CaseListingFederman.doc

# EXHIBIT 2

## UNITED STATE DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CARLOS MUNOZ, Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 07-cv-10531-AKH |
| CHINA EXPERT TECHNOLOGY, INC. ZHU XIAOXIN, HUANG TAO, and FU WAN CHUNG, a.k.a. SIMON FU, | ) ) ) ) | "ECF" CASE |
| Defendants. | ) ) ) | |

## [PROPOSED] ORDER APPOINTING LEAD PLAINTIFF AND APPROVING LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

Having considered the UVE Partners Group's Motion for Appointment of Lead Plaintiff and Approval of Lead Plaintiff's Choice of Lead Counsel,

IT IS HEREBY ORDERED THAT:

1.      An original of this Order shall be filed by the Clerk in the Master File, 07-cv-10531-AKH.

2.      The Clerk shall mail a copy of this Order to counsel of record in the Action.

3.      The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might properly be consolidated as part of the Action.

4.      When a case that arises out of the same subject matter of the Action is hereinafter filed in this Court or transferred from another court, the Clerk of this court shall:

        a.      File a copy of this Order in the separate file for such action;

      b.     Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

      c.     Make the appropriate entry in the Docket for the Action.

5.     Each new case that arises out of the subject matter of the Action which is filed in this Court or transferred to this Court, shall be consolidated with the Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall be construed as a waiver of the defendants' right to object to consolidation of any subsequently-filed or transferred related action.

6.     Pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(3)(B), class members UVE Partners, LLC, Allen Goldschmidt, Eric Dworkin, Ronald B. Marchman and Lori Samuels (the "UVE Partners Group") are appointed to serve as Lead Plaintiff for the Class of purchasers of China Expert Technology, Inc. securities during the period from November 14, 2006, through and including October 1, 2007, inclusive (the "Class Period").

7.     The law firm of Federman & Sherwood is approved as Lead Counsel. Lead Counsel shall provide general supervision of the activities of plaintiff's counsel and shall have the following responsibilities and duties to perform or delegate as appropriate:

      a.     To brief and argue motions;

      b.     To initiate and conduct discovery, including, without limitation, coordination of discovery with defendants' counsel and the preparation of

written interrogatories, requests for admissions and requests for production of documents;

c.     To direct and coordinate the examination of witnesses in depositions;

d.     To act as spokesperson at pretrial conferences;

e.     To call and chair meetings of plaintiffs' counsel as appropriate or necessary from time to time;

f.     To initiate and conduct and settlement negotiations with counsel for defendants;

g.     To provide general coordination of the activities of plaintiffs' counsel and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of his litigation to and to avoid duplication or unproductive effort;

h.     To consult with and employ experts;

i.     To receive and review periodic time reports of all attorneys on behalf of plaintiffs and to determine if the time is being spent appropriately and for the benefit of plaintiffs; and

j.     To perform such other duties as may be expressly authorized by further order of this Court.

8.     An Amended Complaint shall be filed by Lead Plaintiff and Lead Counsel within sixty (60) days of the date of this Order

IT IS SO ORDERED.

DATED:_____

_____
JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK