**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MUNOZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA EXPERT TECHNOLOGY, INC.; ZHU XIAOXIN; HUANG TAO; and FU WAN CHUNG, a/k/a SIMON FU,<br><br>Defendants. | CASE No.: 07-CV-10531 (AKH)<br><br>**CXTI INVESTORS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION |

Plaintiffs Joseph Nunn, The Hantash Family[1], and Kenneth Price (collectively "Movants" or "CXTI Investors") respectfully submit this memorandum of law in further support of their motion to be appointed as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities

[1] The Hantash Family consists of: Amna Hantash, Basil Hantash, and Bashar Hantash. Amna Hantash is Basil Hantash's mother. Bashar Hantash is Basil Hantash's brother. Thus, the Hantash Family can be considered a single Lead Plaintiff party. *See e.g. In re Vonage Initial Public Offering (IPO) Secs. Litig.*, 2007 WL 2683636 * 10 (D.N.J. Sept. 7, 2007) (considering lead plaintiff movant as one person representing family members); *see also In re Milestone Sci. Secs. Litig.*, 183 F.R.D. 404, 418 (D.N.J. 1998) (considering family members all as one person).

Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and in opposition to the competing Lead Plaintiff motion.

## PRELIMINARY STATEMENT[2]

Before this Court are two motions[3] by Class member groups seeking appointment as Lead Plaintiffs, among whom the CXTI Investors have by far the largest financial interest in the relief sought by the Class. Doing a comparison of claimed losses, as the Court must, the CXTI Investors have the largest approximate losses in China Expert Technology, Inc. ("CXTI" or the "Company") stock during the Class Period. Indeed, the CXTI Investors, with losses of $841,669.60, have losses nearly *4 times* greater than the losses of the UVE Partners Group. Moreover, each member of the CXTI Investors has losses larger than those of any member of the UVE Partners Group. The financial interests of the movants are summarized below:

| MOVANT | APPROXIMATE LOSSES[4] |
|---|---|
| **CXTI INVESTORS**<br>• **Joseph Nunn**<br>• **Hantash Family**<br>• **Kenneth Price** | **$841,669.60**<br>• **$462,127.10**<br>• **$215,517.50**<br>• **$164.055.00** |
| UVE PARTNERS GROUP<br>• UVE Partners LLC<br>• Allen Goldschmidt<br>• Eric Dworkin<br>• Ronald Marchman<br>• Lori Samuels | $216,748.86[5]<br>• $92,870.00<br>• $66,500.45<br>• $19,890.82<br>• $19,268.67<br>• $18,218.92 |

In addition to having the largest financial interest in this litigation, the CXTI Investors

---

[2] On January 24, 2008, movant the Gros Group, consisting of Stan Gros, Carl Horn and Kurt Krueger, withdrew its motion to be appointed the Lead Plaintiff. *See* Docket no. 6.

[3] The lone competing movant is the UVE Partners Group, consisting of UVE Partners LLC, Allen Goldschmidt, Eric Dworkin, Ronald Marchman, and Lori Samuels.

[4] These figures are derived from the loss charts submitted by the parties.

[5] The UVE Partners Group asserts a loss in their opening memorandum of $216,833.86 (Docket No. 4, p.2); however, when adding up the claimed losses from the UVE Partners Group's loss charts, the sum of these losses is $216,748.86. *See* Docket No. 4-4.

also satisfy the pertinent requirements of Rule 23 and have complied with the PSLRA. As set forth in their opening papers, Movants *prima facie* satisfy the typicality and adequacy requirements of Rule 23, and thus they are entitled to the presumption under the PSLRA that they are the most adequate Plaintiffs in this litigation. *See* Opening Br. pp. 6-8.[6] As no other movant has submitted any proof to rebut that presumption, the CXTI Investors must be appointed Lead Plaintiffs and their selection of counsel approved.

## ARGUMENT

### I. THE CXTI INVESTORS ARE THE PRESUMPTIVELY MOST ADEQAUTE PLAINTIFFS

#### A. The CXTI Investors Have the Largest Financial Interest

As set forth in Movants' opening papers, "approximate loss" is the most determinative factor in finding the largest financial interest. Indeed, "[w]hile the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005); *Strougo v. Brantley Capital Corp.*, 243 F.R.D. 100, 104 (S.D.N.Y. 2007); *In re Comverse Tec. Inc. Secs. Litig.*, 2007 WL 680779 * 3 (E.D.N.Y. Mar. 2, 2007) (approximate loss "most influential"); *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006) (same); *Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (approximate loss most determinative).

As noted above, the CXTI Investors, with losses of $841,669.60, have nearly *4 times* the losses of the UVE Partners Group-- $216,748.86.

---

[6] All references to "Opening Br. __" refer to the CXTI Investors' Opening Memorandum of Law filed with the Court on January 22, 2008. Docket no. 9.

**B. Movants Satisfy Rule 23**

In addition to possessing the largest financial interest in the litigation, the lead plaintiffs must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii). The Court must then focus its Rule 23 inquiry on that party. At this stage, the typicality and adequacy requirements are the only Rule 23 considerations relevant to the appointment of lead plaintiffs. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004). So long as the movant with the largest financial interest *prima facie* demonstrates that it satisfies the typicality and adequacy requirements, here CXTI Investors, the movant is entitled to most adequate lead plaintiff status. *Id.*

As set forth in their Opening Br. pp. 6-8, each of the members of the CXTI Investors group satisfies the typicality and adequacy requirements of Rule 23, and has demonstrated that each of them can fairly and adequately protect the interests of the class. As the CXTI Investors have the largest financial interest in this litigation and otherwise satisfy the requirements of Rule 23, the CXTI Investors satisfy all prongs of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this action and are presumed to be the "most adequate plaintiffs."

**II. THE PRESUMPTION OF ADEQUACY HAS NOT BEEN REBUTTED**

The competing movant may attempt to conjure up speculative arguments to rebut the powerful presumption in favor of the CXTI Investors. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiffs may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here the CXTI Investors, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(b)(iii)(II); *In re Fuwei Films Secs. Litig.*, --F. Supp.2d --, 2008 WL 216289 * 4 (S.D.N.Y. Jan 24, 2008); *see also Gluck*

*v. Cellstar Corp.*, 976 F. Supp. 542, 547-48 (N.D. Tex. 1997) ("speculative assertions are insufficient to rebut the presumption" of adequacy); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation"); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …."); *Glauser v. EVCI Center Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006 ) (same).

Moreover, although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has been attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *see also Sofran*, 220 F.R.D. at 402 ("That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence. So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirement, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

As the CXTI Investors group is the movant with the largest financial interest and has made a *prima facie* demonstration that each of its members satisfies the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure, and no movant has rebutted the presumption of adequacy, the CXTI Investors must be appointed Lead Plaintiffs.

## III. THE COMPETING MOTION SHOULD BE DENIED

As set forth above, CXTI Investors have the largest financial interest and have *prima facie* established typicality and adequacy under Rule 23. Under these circumstances, the Court

must appoint each of them as Lead Plaintiffs without consideration of the other competing movants with lesser financial interests.

## IV. THE MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

As set forth in its Opening Br. pp. 8-9, the Rosen Law Firm has extensive experience in successfully prosecuting securities class actions and is adequate to serve the interests of the Class. Indeed, the Rosen Law Firm was the firm that initiated the first-filed and only lawsuit against the Defendants and has been actively prosecuting this action from the start. Consequently, the Court should approve the CXTI Investors' selection of the Rosen Law Firm as Lead Counsel.

## CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court issue an Order (1) appointing the CXTI Investors as Lead Plaintiffs for the Class; (2) approving Lead Plaintiffs' selection of The Rosen Law Firm, P.A. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Respectfully submitted,

Dated: February 5, 2008

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim

Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of February, 2008, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Phillip Kim