**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
pkim@rosenlegal.com
Laurence M. Rosen, Esq. (LR 5733)
lrosen@rosenlegal.com
350 Fifth Avenue, Suite 5508
New York, NY  10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MUNOZ, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CHINA EXPERT TECHNOLOGY, INC.,<br><br>Defendant. | No.: 07-CV-10531 (AKH)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR ORDER DECLARING THAT STAY OF DISCOVERY IS NO LONGER IN EFFECT**<br><br>**BY ECF FILING** |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR ORDER DECLARING THE PSLRA DISCOVERY STAY IS NO LONGER IN EFFECT

Lead Plaintiffs CXTI Investors ("Plaintiffs") respectfully submit this memorandum of law in support of their motion for an Order declaring that stay of discovery is no longer in effect and that Plaintiffs may engage in any discovery as permitted under the Federal Rules of Civil Procedure, including but not limited to document requests, interrogatories, and depositions.

**STATEMENT OF FACTS**

This is a class action in which the Defendant, although having accepted service of the Complaint, which was filed on November 21, 2007, did not file an Answer and did not make a Motion to Dismiss, despite that the Answer was due on December 20, 2007. The Clerk's Certificate of Default of the Defendant was thus filed on January 22, 2008. CXTI Investors were appointed Lead Plaintiff and The Rosen Law Firm, P.A. was appointed Lead Counsel on March 25, 2008.

**ARGUMENT**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") contains an explicit stay of discovery provision, which states in relevant part:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C.A. § 78u-4(b)(3)(B).

The Court should declare that the stay of discovery stay is no longer in effect because the PSLRA provides for the discovery to be stayed only "during the pendency of any motion to dismiss," and at this stage in the proceedings Defendant has not made a motion to dismiss. Id. Neither the Court nor the Plaintiffs are waiting for the Defendant to make a motion to dismiss because the Defendant's time to make a motion to dismiss has already come and passed. Indeed, more than two months ago, on January 22, 2008, the Clerk's Certificate of Default of the Defendant was filed.

Congress' intention in creating the PSLRA stay of discovery was to prevent plaintiffs from using discovery to determine whether they could plead viable claims, where otherwise, without discovery, a complaint as filed would be vulnerable to a motion to dismiss. See S.Rep.

1

No. 104-98, at 14 (1995).  Thus, Courts have consistently held that the PSLRA precludes discovery because the discovery could otherwise be used to remedy defects of a complaint challenged in a motion to dismiss.  See In re CFS-Related Sec. Fraud Litig., 179 F.Supp.2d 1260, 1266 n.5 (N.D. Okla. 2001) ("…a plaintiff cannot seek a lifting of the PSLRA's discovery stay to obtain evidence to bolster its securities fraud allegations"); In re Odyssey Healthcare Inc. Sec. Litig., 2005 WL 1539229, at *2 (N.D. Tex. June 10, 2005) ("Because the exception [to the stay of discovery] only covers 'undue' prejudice, this harm cannot consist of disadvantage that is inherent in the stay itself, such as the possibility of dismissal when an amended complaint based on newly discovered facts might have survived"); Sarantakis v. Gruttaduaria, No. Civ. 02-1609, 2002 WL 1803750, at *1 (N.D. Ill. Aug. 5, 2002) (stay of discovery was designed "to avoid the situation in which a plaintiff sues without possessing the requisite information to satisfy the PSLRA's heightened pleading requirements, then uses discovery to acquire that information and resuscitate a complaint that would otherwise be dismissed").

Since Defendant no longer has an opportunity to make a motion to dismiss, Plaintiffs' motive to take discovery in order to amend their complaint such that it will meet the higher pleading standards of the PSLRA and thus not be dismissed is *moot*.  In that Defendant has not filed a motion to dismiss and is now in default, Plaintiffs would not be benefitted in any way by pleading with greater particularity because the case is no longer subject to challenge by a motion to dismiss.

In fact, Plaintiffs request discovery for the purpose of being better able to determine their bases for damages and, in addition, for the purpose of providing Defendant with an incentive to make an appearance in this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court for an Order declaring that stay of discovery is no longer in effect and that Plaintiffs may engage in any discovery as permitted under the Federal Rules of Civil Procedure, including but not limited to document requests, interrogatories, and depositions, and to grant any other or further relief the Court deems just and proper.

Dated: March 31, 2008                               Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Phillip Kim
   Phillip Kim, Esq.
   Laurence M. Rosen, Esq.
   350 Fifth Avenue, Suite 5508
   New York, NY  10118
   Phone: (212) 686-1060
   Fax: (212) 202-3827

   Lead Counsel for the Class

CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of March, 2008, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Notice was provided via First Class Mail to:

China Expert Technology, Inc.,
C/O Registered Agent
Incorp Services, Inc.
3155 East Patrick Lane, Suite 1
Las Vegas, NV 89120-3481

/s/ Phillip Kim

4