**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                :

CARLOS MUNOZ, INDIVIDUALLY AND ON   :    Case No.: 07-cv-10531 (AKH)
BEHALF OF ALL OTHERS SIMILARLY SITUATED, :
                                :    ~~[PROPOSED]~~ **ORDER**
            Plaintiffs,          :    **PRELIMINARILY APPROVING**
                                :    **SETTLEMENT AND**
            v.                :    **PROVIDING FOR NOTICE**
                                :
CHINA EXPERT TECHNOLOGY, INC.; PKF NEW  :    **EXHIBIT A**
YORK, CERTIFIED PUBLIC ACCOUNTANTS, A   :
PROFESSIONAL CORPORATION; PKF HONG    :
KONG, CERTIFIED PUBLIC ACCOUNTANTS; AND :
BDO MCCABE LO LIMITED CERTIFIED PUBLIC :
ACCOUNTANTS,                  :
                                :
           Defendants.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/13

WHEREAS, Class Representatives Basíl Hantash, Joseph Nunn, and Kenneth Price (collectively, "Class Representative"), on behalf of the Class, on the one hand, and PKF Hong Kong, Certified Public Accountants ("PKF HK"), PKF, Certified Public Accountants, A Professional Corporation (sued herein as PKF New York, Certified Public Accountants, A Professional Corporation) ("PKF NY"), and BDO Ltd., Certified Public Accountants ("BDO") (collectively, the "Settling Defendants" and, together with Class Representative, the "Settling Parties"), on the other hand, by and through their respective counsel, have made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving a settlement in the above-captioned class action (the "Action") in accordance with a Stipulation and Agreement of Settlement dated June 13, 2013 (the "Agreement"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for settlement in the Action and for dismissal with prejudice of the Action as against the Settling Defendants;

WHEREAS, the Court, having read and considered the Agreement and exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all defined terms herein have the same meanings as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED THAT:

1.      The Court preliminarily approves the Agreement as being fair, reasonable and adequate, subject to further consideration at a hearing to be held before this Court on February 5, 2014, at 2:30 p.m. (the "Fairness Hearing") to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable and adequate and should be approved by the Court; whether a Final Judgment as provided in Section XI.L of the Agreement should be entered; whether the proposed Plan of Allocation is reasonable and should be approved; whether Class Counsel's application for an Attorneys' Fees and Expenses Award should be granted; whether Class Representative's application for reimbursement of costs and expenses incurred as a result of its representation of the Class should be approved; to hear any objections by Class Members to the Agreement or proposed Plan of Allocation and to any award of fees and/or expenses to Class Counsel and to Class Representative; and to consider such other matters as the Court may deem appropriate.

2.      Pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, on June 6, 2012, the Court certified a Class defined as all persons who purchased or otherwise acquired CXTI Securities from March 31, 2006 through October 1, 2007, inclusive. Excluded from the Class are the Settling Defendants, the present and former partners of any of the Settling Defendants, members of their immediate families and their legal representatives, successors or assigns, and CXTI, the present and former officers and directors of CXTI and any subsidiary thereof, members of their immediate families and their legal representatives, successors or assigns, and any entity in which any defendants in the Action have or had a controlling interest. Also, as specified below, excluded from the Class are persons who make requests for exclusion

2

from the Class in the manner and within the time period provided by the Agreement and/or by order of the Court and do not thereafter rescind such requests.

3.     The Court appoints Strategic Claims Services (the "Administrator") to supervise and administer the notice procedure and processing of claims pursuant to the Agreement.

4.     The Court approves the form of the Notice and approves for publication the form of the Summary Notice, attached hereto as Exhibits A-1 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice meet the requirements of Rule 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled to notice.

5.     The Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto as Exhibits A-1 and A-2, respectively, to be mailed, by first-class mail, postage prepaid, on or before November 21, 2013 ("Notice Date"), to all Class Members who can be identified through reasonable effort. Class Counsel shall cause the Administrator to publish the Notice and Proof of Claim on its website. Class Counsel shall serve on counsel for each of the Settling Defendants and file with the Court, no later than seven (7) days before the Fairness Hearing, proof of mailing of the Notice and Proof of Claim.

6.     The Administrator shall cause the Summary Notice, substantially in the form annexed hereto as Exhibit A-3, to be published once in the national edition of the *Investor's Business Daily* and once over *GlobeNewswire*, on separate days, within four (4) days of the Notice Date. Class Counsel shall, no later than seven (7) days before the Fairness Hearing, file with the Court proof of publication of the Summary Notice.

7.     The Administrator shall be responsible for the receipt of all Proofs of Claim, objections and requests for exclusion and, until further order of the Court, shall preserve all Proofs of Claim, objections and requests for exclusion from any person in response to the Notice. The Administrator shall scan and send electronically copies of all requests for exclusion from and objections to the Class settlement in PDF format (or such other format as shall be

3

agreed) to counsel for each of the Settling Defendants and to Class Counsel expeditiously after the Administrator receives such requests for exclusion or objections.

8.      As part of their reply papers in support of their motion for final approval of the settlement set forth in the Agreement, Class Counsel will provide a list of all the persons who have requested exclusion from the class as defined in the Complaint and all of the information provided to the Administrator under Section IV.1 of the Agreement for those persons requesting exclusion, and shall certify that all requests for exclusion received have been copied and provided to counsel for each of the Settling Defendants.

9.      The Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased CXTI publicly traded common stock during the Class Period as record owners but not as beneficial owners. Such nominees who hold or held CXTI common stock for beneficial owners who are members of the Class are directed (a) to provide the Administrator with lists of the names and last known addresses of the beneficial owners for whom they purchased CXTI Securities during the Class Period within seven (7) days of receipt of the Notice, or (b) to send the Notice and Proof of Claim to the beneficial owners. If the nominee owner elects to send the Notice and Proof of Claim to the beneficial owners, the nominee owner is directed (i) to request additional copies of the Notice and proof of Claim within seven (7) days of receipt of the Notice, and (ii) to mail the Notice and Proof of Claim within seven (7) days of receipt of the copies of the Notice from the Administrator, and upon such mailing the nominee owner shall send a statement to the Administrator confirming that the mailing was made as directed. Such nominee owners shall be reimbursed from the Cash Settlement Account, after receipt by the Administrator of proper documentation, for the reasonable expenses of sending the Notice and Proof of Claim to the beneficial owners.

10.    All Notice and Administrative Expenses shall be paid as set forth in the Agreement.

11.    The Administrator is authorized and directed to undertake the actions

4

Case 1:07-cv-10531-AKH   Document 264   Filed 11/15/13   Page 5 of 22

contemplated by paragraph I.B.2 of the Agreement, including the payment or reimbursement of any Tax Expenses out of the Cash Settlement Account and the preparation of tax returns, without further order of the Court.

12.    Any Class Member who wishes to participate in the distribution(s) from the Cash Settlement Account must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless otherwise ordered by the Court, all Proofs of Claim must be completed and submitted no later than January 9, 2014. Unless otherwise ordered by the Court, any Class Member who does not complete and submit a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Cash Settlement Account.

13.    All eligible persons who do not request exclusion from the Class by January 9, 2014, and in the form and manner set forth in the Agreement and the Notice, will be bound by the Agreement, including, but not limited to, the releases provided therein, and by any judgment or determination of the Court affecting the Class.

14.    All eligible persons requesting exclusion from the Class shall not be entitled to receive any payment out of the Cash Settlement Account as described in the Agreement and Notice.

15.    Any eligible member of the Class who has not requested exclusion from the Class may appear at the Fairness Hearing to show cause why the proposed Agreement should not be approved as fair, reasonable and adequate and why a judgment should not be entered thereon; provided, however, that no eligible member of the Class shall be heard or entitled to contest the approval of the terms and conditions of the Agreement and the Final Judgment to be entered approving the same unless no later than January 9, 2014, such eligible Class Member has served by hand, mail or by overnight delivery written objections and copies of any supporting papers and briefs (which must contain proof of all purchases of CXTI Securities during the Class Period and price(s) paid) upon each of the following:

5

| | |
|---|---|
| PKF HK: | Winston & Strawn LLP<br>333 South Grand Ave., 38th Floor<br>Los Angeles, CA 90071<br>Attention: Neal R. Marder, Esq.<br>(213) 615-1750 (fax)<br>nmarder@winston.com |
| PKF NY: | Wilson, Elser, Moskowitz Edelman & Dicker LLP<br>3 Gannett Drive<br>White Plains, New York 10604<br>Attention: Thomas R. Manisero, Esq.<br>(914) 323-7001 (fax)<br>thomas.manisero@wilsonelser.com |
| BDO: | Latham & Watkins LLP<br>355 S. Grand Ave.<br>Los Angeles, CA 90071<br>Attention: James J. Farrell, Esq.<br>(213) 891-8763 (fax)<br>James.Farrell@lw.com |
| Class Representative: | The Rosen Law Firm, P.A.<br>275 Madison Ave., 34th Floor<br>New York, NY 10016<br>Attention: Laurence Rosen, Esq.<br>(212) 202-3827 (fax)<br>info@rosenlegal.com |

and has filed said objections, papers and briefs, showing due proof of service upon Class Counsel and counsel for each of the Settling Defendants, with the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, NY 10007-1312. Persons who intend to object to the Agreement and desire to present evidence at the Fairness Hearing must include in their written objections the identity of any witnesses they may seek to call to testify and exhibits they may seek to introduce into evidence at the Fairness Hearing. Any party has the right to object to any testimony or other evidence which a person objecting to the Agreement seeks to introduce.

16.     Unless the Court otherwise directs, no member of the Class or other person shall be entitled to object to the Agreement, or the Final Judgment to be entered herein, or otherwise be heard, except by serving and filing written objections as described above. Any

6

person who does not object in the manner prescribed above shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all the terms and provisions of the Agreement and by all proceedings, orders and judgment in the Action.

17.     Class Counsel shall submit papers in support of final approval of the Agreement and its application for an Attorneys' Fees and Expenses Award by no later than January 10, 2014. Reply papers addressing requests for exclusion or objections to the Agreement, Plan of Allocation, or application for attorneys' fees and expenses, shall be due seven (7) days prior to the Fairness Hearing.

18.     Neither the Settling Defendants nor their respective counsel shall have any responsibility for any Plan of Allocation of the Cash Settlement Account or any application for an Attorneys' Fees and Expenses Award submitted by Class Counsel or for an award for Class Representative, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Agreement. Class Counsel shall be responsible for the apportionment of fees and expenses amongst Class Counsel.

19.     Pending final determination of whether the Agreement should be approved, Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts the Released Claims against the Released Persons.

20.     The administration of the Agreement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any person to participate in the distribution of the Cash Settlement Account shall be under the authority of this Court.

21.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Agreement.

22.     Neither the Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings in connection therewith, shall be construed as an admission or concession by the Settling Defendants or any other Released Persons of the truth of any of the

7

allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or as an admission by the Class Representative or any Class Members of any lack of merit of the allegations in the Action in any respect.

IT IS SO ORDERED.

Dated: New York, New York

_____, 2013


_____
Honorable Alvin K. Hellerstein
United States District Court for the Southern
District of New York

8



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                 :

CARLOS MUNOZ, INDIVIDUALLY AND ON    :
BEHALF OF ALL OTHERS SIMILARLY SITUATED, :
                                 :
           Plaintiffs,              :      Case No.: 07-cv-10531 (AKH)
                                 :
             v.                 :            **EXHIBIT A-1**
                                 :

CHINA EXPERT TECHNOLOGY, INC.; PKF NEW  :
YORK, CERTIFIED PUBLIC ACCOUNTANTS, A   :
PROFESSIONAL CORPORATION; PKF HONG    :
KONG, CERTIFIED PUBLIC ACCOUNTANTS; AND :
BDO MCCABE LO LIMITED CERTIFIED PUBLIC  :
ACCOUNTANTS,                         :
                                 :
          Defendants.            :
                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PENDENCY AND**
**PROPOSED SETTLEMENT OF CLASS ACTION**

If you purchased or otherwise acquired the publicly traded common stock ("Stock") of China Expert Technology, Inc. ("China Expert") during the period from March 31, 2006 through October 1, 2007, inclusive, you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this notice.*

- If approved by the Court, the settlement will provide $4,200,000, plus interest earned thereon (the "Settlement Amount"), to pay claims of investors who purchased or otherwise acquired China Expert Stock during the period from March 31, 2006 through October 1, 2007, inclusive (the "Class Period").

- The Settlement represents an average recovery of $0.25 per share of China Expert for the 16.8 million estimated shares that Class Representatives allege were "damaged" and declined in value as a result of Defendants' alleged misconduct during the Class Period. This estimate solely reflects the average recovery per damaged share of China Expert Stock. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Class Members, the date(s) you purchased and sold China Expert Stock and the total number of claims filed.

- Attorneys for the Class Representatives ("Class Counsel") intend to ask the Court to award them fees of up to 25.0% of the Settlement Amount, and reimbursement of litigation expenses not to exceed $755,000. Class Counsel also intends to ask the Court

to grant Class Representatives awards not to exceed $5,000 each. Collectively, the attorneys' fees and litigation expenses and the award to Class Representatives are estimated to average $0.107 per damaged share of China Expert Stock. If approved by the Court, these amounts will be paid from the Settlement Fund.

- The approximate recovery, after deduction of attorneys' fees and expenses and awards to Class Representatives approved by the Court, is an average of $0.143 per damaged share of China Expert Stock. This estimate is based on the assumptions set forth in the preceding paragraph. Your actual recovery, if any, will vary depending on your purchase price and sale price and the number of Proof of Claim forms filed.

- The Settlement resolves the lawsuit as to whether PKF Hong Kong, Certified Public Accountants ("PKF HK"), PKF, Certified Public Accountants, A Professional Corporation (sued herein as PKF New York, Certified Public Accountants, A Professional Corporation) ("PKF NY"), and BDO Ltd., Certified Public Accountants ("BDO") (collectively, the "Settling Defendants") violated the federal securities laws by issuing false and misleading audit opinions in connection with China Expert's financial statements filed with the Securities and Exchange Commission. The Settling Defendants deny the allegations in the lawsuit and deny any wrongdoing. The Settling Defendants and Class Representatives disagree on liability and damages. Plaintiffs believe that, if they prevailed on all their claims and the Court accepted their theory of damages that they would recover approximately $2.119 per damaged share, before deductions for fees and expenses and assuming that the full amount of the judgment was collectable. Settling Defendants believe that, if this matter is litigated, Plaintiffs are likely to recover nothing.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN JANUARY 9, 2014** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN JANUARY 9, 2014** | Get no payment. This is the only option that allows you to be part of any other lawsuit against Settling Defendants about the legal claims in this case. |
| **OBJECT NO LATER THAN JANUARY 9, 2014** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON FEBRUARY 6, 2014** | Speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim form, or any other questions by Class members should be directed to:

China Expert Securities Litigation
Claims Administrator
c/o Strategic Claims Services
P.O. Box 230
Media, PA 19063
Tel: (866) 274-4004
www.strategicclaims.net

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1.      **Why did I get this Notice?**

You or someone in your family may have acquired China Expert Stock during the Class Period.

2.      **What is this lawsuit about?**

The case is known as *Munoz v. China Expert Technology, Inc.*, Case No. 07-CV-10531 (AKH) and the Court in charge of the case is the United States District Court for the Southern District of New York.

Defendants in this case are China Expert and its independent auditors, which are PKF HK, PKF NY, and BDO. Plaintiffs allege that the Settling Defendants violated the federal securities laws by issuing materially false and misleading audit opinions in connection with China Expert's financial statements filed with the Securities and Exchange Commission. The Settling Defendants and Class Representatives disagree on liability and damages. The Settling Defendants deny that they issued any false audit report, and they deny that they can be held liable under the federal securities laws. PKF NY denies that it served as China Expert's independent auditor. The Settlement resolves all of the claims against the Settling Defendants in the Class Action.

3.      **Why is this a class action?**

3

In a class action, one or more persons and/or entities, called Class Representatives, sue on behalf of all persons and/or entities that have similar claims. All of these persons and/or entities are referred to collectively as a Class, and these individual persons and/or entities are known as Class Members. One court resolves all of the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

4.      **Why is there a Settlement?**

Class Representatives and Settling Defendants do not agree regarding the merits of Class Representatives' allegations with respect to liability or the average amount of damages per share that would be recoverable if Class Representatives were to prevail at trial on each claim. The issues on which the Class Representatives and Settling Defendants disagree include: (1) whether Settling Defendants issued materially false and misleading audit opinions in connection with China Expert's financial statements filed with the Securities and Exchange Commission during the Class Period; (2) whether the alleged materially false and misleading audit opinions were made with fraudulent intent; (3) whether the alleged materially false and misleading audit opinions were the cause of the Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Class Members.

This matter has not gone to trial and the Court has not decided in favor of either Class Representatives or Settling Defendants. Instead, Class Representatives and Settling Defendants have agreed to settle the Class Action. The Class Representatives and Class Counsel believe the settlement is best for all Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Settling Defendants. Among the reasons that Class Representatives' Counsel believe the Settlement is fair are that there were risks in proving that Settling Defendants' audit opinions were both materially false and misleading and made with fraudulent intent, there were risks in proving damages, Settling Defendants' financial resources were limited, and collecting from the judgments against certain Settling Defendants, even with sufficient financial resources, who reside in Hong Kong is likely highly difficult. Because of the difficulty in enforcing and being able to collect from the judgments, even if Plaintiffs win

at trial, and also prevail on any appeal, Plaintiffs might not be able to collect some, or all, of any judgment they are awarded.  Moreover, while litigation of this type is usually expensive, it appears that, even if Plaintiffs' allegations are eventually found to be true, the total amount of damages to which Class members would be entitled could be substantially reduced as the Plaintiffs and Settling Defendants vastly differed on their view of damages.

**5.      How do I know if I am part of the Class settlement?**

To be a Class Member, you must have purchased or otherwise acquired China Expert Stock during the period from March 31, 2006 through October 1, 2007, inclusive, and suffered losses in your investment as a result of the decline in the value of China Expert common stock.

**6.      Are there exceptions to being included?**

Yes.  You are not a Class Member if you are a Settling Defendant, a present or former partner of any of the Settling Defendants, a member of their immediate families, their legal representative, successor or assign, or a present or former officer or director of China Expert or any subsidiary thereof, a member of their immediate families, or their legal representative, successor or assign, or any entity in which any Defendants in the Action have or had a controlling interest.  Also, if you exclude yourself from the Class, as described below, you are not a part of the Class.

**7.      What does the Settlement provide?**

        **a.      What is the Settlement Fund?**

The proposed Settlement calls for Settling Defendants to create a Settlement Fund (the "Settlement Fund") in the amount of $4,200,000.  The Settlement will not become effective unless it is approved by the Court.  Subject to the Court's approval, a portion of the Settlement Fund will be used to pay Plaintiffs' attorneys' fees and reasonable litigation expenses and an award to the Class Representatives.  A portion of the Settlement Fund will also be used to pay the costs of notice to class members and claims administration expenses, as permitted by the Court, and to pay any taxes due, but only if,

and to the extent, interest earned on the Settlement Fund exceeds the costs of notice and claims administration. After these deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Class Members who submit valid claims.

> **b.     What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on:  (i) the number of claims filed; (ii) the dates you purchased and sold China Expert Stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Class Counsel for attorneys' fees, costs and expenses and to Class Representatives.

The compensable loss per share ("Recognized Loss") of each Authorized Claimant shall be calculated according to the following formula:

**Recognized Loss Calculation of Common Stock Purchased During the Class Period:**

**1. For shares purchased on or between March 31, 2006 and July 19, 2007:**

A.     For shares retained at the close of trading on October 1, 2007 the Recognized Loss shall be the lesser of $2.95 per share or the difference between the purchase price per share and $.13 per share.

B.     For shares sold on or between March 31, 2006 and July 19, 2007, the Recognized Loss shall be zero.

C.     For shares sold on or between July 20, 2007 and August 31, 2007, the Recognized shall be the lesser of $1.50 per share or trading loss[1].

D.     For shares sold on or between September 4, 2007 and September 18, 2007, the Recognized Loss shall be the lesser of $2.43 per share or trading loss.

E.     For shares sold on or between September 19, 2007 and October 1, 2007, the Recognized Loss shall be the lesser of $2.54 per share or trading loss.

**2. For shares purchased on or between July 20, 2007 and August 31, 2007:**

---

[1] Trading loss is purchase price per share less sales price per share.

A.      For shares retained at the close of trading on October 1, 2007 the Recognized Loss shall be the lesser of $1.45 per share or the difference between the purchase price per share and $.13 per share.

B.      For shares sold on or between July 20, 2007 and August 31, 2007, the Recognized Loss shall be zero.

C.      For shares sold on or between September 4, 2007 and September 18, 2007, the Recognized Loss shall be the lesser of $.93 per share or trading loss.

D.      For shares sold on or between September 19, 2007 and October 1, 2007, the Recognized Loss shall be the lesser of $1.04 per share or trading loss.

   **3.  For shares purchased on or between September 4, 2007 and September 18, 2007:**

A.      For shares retained at the close of trading on October 1, 2007 the Recognized Loss shall be the lesser of $.52 per share or the difference between the purchase price per share and $.13 per share.

B.      For shares sold on or between September 4, 2007 and September 18, 2007, the Recognized Loss shall be zero.

C.      For shares sold on or between September 19, 2007 and October 1, 2007, the Recognized Loss shall be the lesser of $.11 per share or trading loss.

   **4.  For shares purchased on or between September 19, 2007 and October 1, 2007:**

A.      For shares retained at the close of trading on October 1, 2007 the Recognized Loss shall be the lesser of $.41 per share or the difference between the purchase price per share and $.13 per share.

B.      For shares sold on or between September 19, 2007 and October 1, 2007, the Recognized Loss shall be zero.

       To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in China Expert Stock during the Class Period, the value of the Recognized Loss will be zero and the claimant will not be entitled to a share of the Net Settlement Fund.  To the extent that a claimant suffered a trading loss on his, her or its overall transactions in China Expert Stock during the Class Period, but that trading loss was less than the Recognized Loss

calculated above, then the Recognized Loss shall be limited to the amount of the claimant's actual trading loss.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss. The Recognized Loss formula is not intended to be an estimate of the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

The date of purchases or sales is the "contract" or "trade" date as distinguished from the "settlement" date. Therefore, you need to list all your purchases and sales of China Expert Stock during the period March 31, 2006 through October 1, 2007, inclusive. Each claimant is deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to that claimant's status as a Class Member and the validity and amount of that claimant's claim. No discovery shall be allowed on the merits of the Action.

Payments will be final and conclusive against all Class Members. All Class Members whose claims are not approved by the Court will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and will be barred from bringing any Released Claim against any Released Person, including Unknown Claims (as those terms are defined in the Proof of Claim enclosed with this Notice and in the Stipulation and Agreement of Settlement, which is available on the Internet at www.strategicclaims.net, or through the mail upon request to the Claims Administrator).

c.    **Are there any further limitations on the amount I may receive?**

   i)    To the extent there are sufficient funds in the Net Settlement Fund, each
         Class Member with a Recognized Loss that satisfies the requirements
         approved by the Court ("Authorized Claimant") will receive an amount
         equal to the Authorized Claimant's Recognized Loss described above.  If,
         however, as expected, the amount in the Net Settlement Fund is not
         sufficient to permit payment of the total Recognized Loss of each
         Authorized Claimant, then each Authorized Claimant shall be paid the
         percentage of the Net Settlement Fund that each Authorized Claimant's
         Recognized Loss bears to the total of the Recognized Losses of all
         Authorized Claimants.

   ii)   For Class members who conducted multiple transactions in China Expert
         Stock during the Class Period, the earliest subsequent sale shall be
         matched first against those shares in the Claimant's opening position on
         the first day of the Class Period, and then matched chronologically
         thereafter against each purchase made during the Class Period.

   iii)  The purchase and sales prices exclude any brokerage commissions,
         transfer taxes or other fees.

The covering purchase of a short sale is not an eligible purchase.

**8.    How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release"
form.  This claim form accompanies this Notice.  You may also obtain a claim form on
the Internet at www.strategicclaims.net.  Read the instructions carefully, fill out the form,
sign it in the location indicated, and mail the claim form together with all documentation
requested in the form, postmarked no later than January 9, 2014, to:

China Expert Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 North Jackson Street-Suite 3
P.O. Box 230
Media, PA  19063

The Claims Administrator will process your claim and determine whether you are an
"Authorized Claimant."

**9.    How can I get more information?**

You can get more information by contacting the Claims Administrator at 1-866-274-4004. A copy of the Stipulation and Agreement of Settlement that has been filed with the Court and related documents can be found on the Claims Administrator's website at www.strategicclaims.net. Copies of Plaintiffs' motions for final approval of the Settlement and for an award of attorneys' fees and expenses will be posted on the Claim Administrator's website promptly after they have been filed with the Court.

10.    **What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself, you will remain in the Class. That means that if the Settlement is approved, you and all Class Members will release (agreeing never to sue, continue to sue, or be part of any other lawsuit) all claims against Settling Defendants and/or their respective divisions, subsidiaries, parent companies, affiliates, connected firms, associates, representatives, predecessors, successors, heirs, owners, assigns, executors, administrators, and/or their present, former or future directors, agents, partners, principals, officers, employees, trustees, attorneys, insurers and reinsurers (and their respective divisions, subsidiaries, parent companies, affiliates, shareholders, partners, joint venturers, principals, insurers, reinsurers, predecessors, successors and assigns, and/or their past, present and future employees, officers, directors, attorneys, accountants, trustees, auditors, agents and representatives), shareholders and/or representatives of the foregoing, and each of them ("Released Persons") in connection with your acquisition of China Expert Stock during the Class Period, except that you do not release the Released Persons from any claim or action to enforce the Settlement. It also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to the "Release of Claims" provided for in the Settlement, which will bar you from ever filing a lawsuit against any Released Person to recover losses from the acquisition or sale of China Expert Stock during the Class Period, except to enforce the Settlement. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of China Expert Stock during the Class Period. **If you do not exclude yourself from the Settlement you will be considered to have agreed to the Release of Claims unless you exclude yourself from the Settlement by following the instructions in the answer to the following question.**

Page **10** of **14**

**11.**   **How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep the right to sue or continue to sue Settling Defendants on your own based on the legal claims raised in this Class Action, then you must take steps to get out of the Settlement. This is called excluding yourself from -- or "opting out" of -- the Settlement. To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Class Member of *Munoz v. China Expert Technology, Inc.*, Case No. 07-CV-10531 (AKH). Be sure to include your name, address, telephone number and your signature, along with an accurate list of all of your purchases and sales of China Expert Stock. You must mail your exclusion request, so that it is postmarked no later than January 9, 2014, to:

China Expert Securities Litigation
Claims Administrator
c/o Strategic Claims Services
600 North Jackson Street—Suite 3
P.O. Box 230
Media, PA  19063

You cannot exclude yourself by telephone or by e-mail. If you properly exclude yourself, you will not receive a settlement payment, you cannot object to the Settlement, and you will not be legally bound by anything that happens in this Class Action.

**12.**   **If I do not exclude myself, can I sue Settling Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Settling Defendants for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Class to continue your own lawsuit.

**13.**   **Do I have a lawyer in this case?**

The Court appointed the Rosen Law Firm, P.A. to represent you and the other Class Members. These lawyers are called Class Representatives' Counsel or Class Counsel. If

you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Class Counsel is provided in the response to question 15, below.

**14.   How will the lawyers be paid?**

Class Counsel and counsel working under their direction have expended considerable time litigating this action on a contingent fee basis, and have paid for the expenses of the litigation themselves with the expectation that if they are successful in recovering money for the Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation.  Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund.  Therefore, Class Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed 25.0% of the Settlement amount and for reimbursement of reasonable litigation expenses not to exceed $755,000.  The Court may award less than these amounts.  Any amounts awarded by the Court will come out of the Settlement Fund.

**15.   How do I tell the Court that I do not like the Settlement or Any Part of It?**

You can tell the Court you do not agree with the Settlement or any part of it, including the proposed Plan of Allocation or the proposed award of attorneys' fees to Class Counsel by mailing a letter stating that you object to the Settlement in: *Munoz v. China Expert Technology, Inc.*, Case No. 07-CV-10531 (AKH).  Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of China Expert Stock in order to show your membership in the Class, and all of the reasons you object to the Settlement.  Be sure to mail the objections to the three different places listed below, so that they are **received** no later than January 9, 2014, so the Court will consider your views:

| COURT | PLAINTIFFS' COUNSEL | DEFENSE COUNSEL |
|---|---|---|

| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007 | Laurence Rosen<br>ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016<br><br>*Class Counsel for Plaintiffs* | Thomas R. Manisero<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>150 East 42nd Street<br>New York, NY 10017<br><br>James J. Farrell<br>LATHAM & WATKINS, LLP<br>355 S. Grand Ave.<br>Los Angeles, CA 90071<br><br>Neal R. Marder<br>WINSTON & STRAWN LLP<br>333 S. Grand Avenue<br>Los Angeles, CA 90071<br><br>*Counsel for Settling Defendants* |

**16.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement. You can object only if you stay in the Class. Requesting exclusion is telling the Court you do not want to be part of the Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.

**17.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on February 6, 2014 at __:__ _.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much money to award Class Counsel for attorneys' fees and expenses and how much money to award Class Representatives. The Court may adjourn or postpone the date of the hearing without further notice to the Class.

**18.    Do I have to come to the hearing?**

Page **13** of **14**

No.  Class Counsel will answer any questions the Court may have.  However, you are welcome to attend at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mail your written objection on time, the Court will consider it.  If, however, you, or an attorney you hire, intend to appear at the Settlement Hearing you must indicate that you will do so in the letter containing your objections or in a separate letter which must be sent to the same persons by the same deadline.

19.    **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement.  However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Settling Defendants about the claims made in this case ever again if the Settlement is Approved.

DATED: _~~Nov. 15~~_, 2013.                    ,

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK